UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br>　　Plaintiffs, | : : : : : : | CIVIL CASE NO.<br>3:19-CV-1324 (JCH) |
| v. | : : | JUNE 17, 2020 |
| BIOHEALTH LABORATORIES, INC., ET AL.,<br>　　Defendants. | : : : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 25)**

**I.　INTRODUCTION**

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") bring this action against Biohealth Laboratories ("Biohealth"), PB Laboratories, LLC ("PBL"), Epic Reference Labs, Inc. ("Epic"), Epinex Diagnostics, Inc. ("Epinex"), NJ Reference Laboratories, Inc. ("NJ"), and Alethea Laboratories, Inc. ("Alethea") (collectively, "the Labs"), based on the defendants' fraudulent billing scheme. Counts I through V of the seven-count Complaint assert various state law claims. See Complaint ("Compl.") (Doc. No. 1), ¶¶ 125–155. Count VI is brought under ERISA, 29 U.S.C. § 1132(a); Count VII is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). See Compl. ¶¶ 157, 169.

Pending before the court is the Labs' Motion to Dismiss (Doc. No. 25). For the reasons that follow, the Motion is granted.

1

## II.     FACTS[1]

Cigna is a managed care company that administers employee health and welfare benefit plans.  See Compl. ¶ 26.  The Labs provide laboratory drug testing services to patients referred by various health-care providers.  Id. ¶ 65.  Because the Labs have not entered into a provider agreement with Cigna, they are considered out-of-network by Cigna.  Id. ¶¶ 31, 66.

At some point before August 17, 2015, Cigna's anti-fraud unit initiated an investigation into the Labs and uncovered allegedly fraudulent conduct of BioHealth and PBL.  Id. ¶ 72–80, 117.  Because each of the Labs are owned and operated by the same entities, Cigna alleges that each of the Labs followed the same fraudulent practices employed by BioHealth and PBL.  Id. ¶ 81.  Specifically, Cigna alleges that the Labs engaged in three types of fraudulent conduct: "fee forgiveness," id. ¶¶ 82–89; billing for unnecessary testing, id. ¶¶ 90–107; and "unbundling," id. ¶¶ 108–116.

On August 17, 2015, BioHealth and PBL sued Cigna in the United States District Court for the Southern District of Florida, Case No. 1:15-CV-23075, alleging that Cigna improperly denied, delayed to process, or failed to process claims.  On February 1, 2016, the District Court granted Cigna's pre-answer Motion to Dismiss, and dismissed the action for, inter alia, failure to exhaust administrative remedies.  Id. ¶ 118. BioHealth and PBL subsequently appealed.  Id. ¶ 119.  On September 21, 2017, the Eleventh Circuit vacated the District Court's decision in part but affirmed the part of the

---

[1] The facts are taken from plaintiffs' Complaint (Doc. No. 1).

2

decision which dismissed the claims for failure to exhaust administrative remedies as required to bring an ERISA claim.[2]

## III.   STANDARD

To withstand a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. Id. Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. Id. However, when reviewing a motion to dismiss, the court must accept the factual allegations in the operative complaint as true and draw all reasonable inferences in the non-movant's favor. See Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012).

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." Thea v. Kleinhandler, 807 F.3d 492, 501 (2d Cir. 2015); see also Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an

---

[2] During the pendency of that appeal, BioHealth and PBL initiated another action against Cigna in the United States District Court for the Southern District of Florida, Case No. 1:16-CV-20807. The District Court dismissed this lawsuit, determining that the claims were the "mirror image" to those raised in the first action. See Compl. ¶ 122.

3

action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.").

## IV.  DISCUSSION

The Labs first contend that Cigna's claims are time-barred.  See Defendants' Memorandum in Support ("Def. Mem.") (Doc. 25-1), at 9.  The court agrees.

### A.  Counts I, II, IV and V

Count I (fraud), Count II (negligent misrepresentation), Count IV (conversion), and Count V (civil statutory theft) each assert a tort claim under Connecticut law.  See Compl. at 21, 22, 24, and 25.  Section 52-577 of the Connecticut General Statutes provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."  Conn. Gen. Stat. § 52-577.  Section 52-577 is an occurrence statute, "meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs."  Piteo v. Gottier, 112 Conn. App. 441, 445 (2009).

Here, plaintiffs allege that, as of August 17, 2015, Cigna "had investigated and uncovered BioHealth's and PBL's fraudulent conduct and placed a 'flag' [on] and denied all claims for reimbursement from them."  See Compl. ¶ 117.  Cigna commenced the instant action on August 27, 2019.  Because the Complaint alleges that Cigna was aware of the tortious conduct prior to August 17, 2015, but did not bring this action until 2019, the Complaint shows on its face "that the action is barred by [Connecticut's three-year] statute of limitations."  Ghartey, 869 F.2d at 162.

Cigna does not object to August 17, 2015, serving as the relevant date; nor does Cigna object to the application of Section 52-577's three-year statute of limitations.  See Plaintiffs' Memorandum in Opposition ("Pl. Mem.") (Doc. No. 27), at 9.  Instead, Cigna

4

contends that the "filing of the Florida Actions tolled the running of the limitations period on all of Cigna's claims." Id.  According to Cigna, because the instant claims arise from the same transaction or occurrence that was the subject matter of the Florida litigation, their claims are compulsory counterclaims, and are therefore tolled under Rule 13 of the Federal Rules of Civil Procedure.[3]  The court does not agree that this argument defeats the Motion to Dismiss on statute of limitations grounds for several reasons.

First, as the Labs correctly note, "there are no 'counterclaims' before the Court," Pl. Mem. at 3.  Cigna has brought affirmative claims, in a separate lawsuit, against the Labs, not counterclaims in the previous suit in Florida.  Even if the filing of a complaint tolls the statute of limitations on counterclaims in that suit, such a rule is inapplicable here, Cigna fails to direct this court's attention to any on-point authority that expands this tolling rule to include unalleged counterclaims raised in a subsequent lawsuit.

Second, even if their claims were construed as counterclaims, the court is not persuaded that Rule 13 requires equitable tolling in this case.  As other courts in this

---

[3] Rule 13(a) governs the assertion of counterclaims and, subject to two exceptions, provides:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a).

Although Cigna did not raise in the Florida litigation the claims they now raise here, the compulsory counterclaim bar does not apply because the Florida litigation terminated before the Cigna answered the Complaint.  Rule 13(a) requires that a pleading state any counterclaim, and the only "pleadings" that exist in federal practice are complaints, answers, replies, answers to cross-claims, third-party complaints, and third party-answers.  See Fed. R. Civ. P. 7(a); see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Jett, 118 F.R.D. 336, 337 (S.D.N.Y. 1988) ("If a motion to dismiss is filed in lieu of a responsive pleading, and the motion to dismiss is granted, Rule 13(a) will not bar the defendant from asserting his compulsory counterclaims in a later action."); see also In re Integrated Resources, Inc. Real Estate Ltd. P'ships Secs. Litig., 851 F.Supp. 556, 570 (S.D.N.Y.,1994).

Circuit have recognized, "[t]he text of Rule 13(a) itself does not offer any solution to the problem of whether the institution of an action tolls the running of the limitations period on compulsory counterclaims or reflect any policy on the question."[4]  ARMOUR Capital Mgmt. LP v. SS&C Techs., Inc., No. 3:17-CV-0790 (JAM), 2019 WL 688308 (D. Conn. Feb. 19, 2019) (quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1419 (3d ed. 2013); see also Peekskill City Sch. Dist. v. Colonial Sur. Co., 6 F. Supp. 3d 372, 377 (S.D.N.Y. 2014), aff'd, 595 F. App'x 91 (2d Cir. 2015).  Courts addressing this question have therefore turned to state law.  See ARMOUR, 2019 WL 688308, at *3; Peekskill, 6 F. Supp. 3d at 377; see also Wright & Miller, supra, § 1419 (noting that "the issue probably will be determined by reference to state law" and that "[t]his certainly would be true in diversity actions").

"It has long been established as a matter of federal law that state statutes of limitations govern the timeliness of state law claims[,]" and that "[s]tate law also determines the related questions of what events serve to commence an action and to toll the statute of limitations." Personis v. Oiler, 889 F.2d 424, 426 (2d Cir.1989) (citations omitted).  In ARMOUR, a court in this District relied on state law when rejecting the application of a federal tolling rule for state-law counterclaims.  2019 WL 688308, at *3.  In that case, the defendant, SS&C, asserting the same argument that Cigna asserts here, argued that, "because its contract counterclaims are compulsory,

---

[4] Plaintiffs cite one case for the proposition that, pursuant to Rule 13, the filing of a complaint tolls the statute of limitations on any compulsory counterclaims. See Pl. Mem. at a 9 (citing Aramony v. United Way of America, 969 F. Supp. 226, 231 (S.D.N.Y. 1997)).  In Aramony, the court relied upon precedent from the Federal Circuit to toll claims arising under federal law.  See id. (citing Emp'rs Ins. of Wausau v. United States, 764 F.2d 1572, 1576 (Fed. Cir. 1985)).  Here, by contrast, plaintiffs attempt to apply this rule to the state-law claims.

6

Rule 13(a) of the Federal Rules of Civil Procedure tolls the deadline for asserting those claims." Id. The court rejected SS&C's position, explaining:

> Connecticut law is unfriendly to SS&C's position, because . . . "[t]he law of Connecticut is that a counterclaim does not relate back to the date of the complaint." Bache Halsey Stuart Inc. v. Namm, 446 F. Supp. 692, 697 (S.D.N.Y. 1978) (applying Connecticut law); Pacelli Bros. Transp. Inc. v. Pacelli, 189 Conn. 401, 413–14 (1983) (noting in relevant part that "it is not disputed that the periods allowed by the statute for commencing an action upon the note had expired by the time the defendant filed his counterclaim" and that "an action upon the subject of the counterclaim is deemed to have begun when it is filed").
>
> Although SS&C argues that this rule should be limited only to non-compulsory counterclaims, the Connecticut Supreme Court has not observed such a limitation. See Pacelli, 189 Conn. at 402–03 (plaintiff sued for fraud in sale of interest in corporation, defendant counterclaimed based on promissory note from that sale). Following Connecticut law, I conclude that ACM's filing of its complaint did not toll the contractual statute of limitations period for SS&C to file its counterclaims.

Id. The court agrees with ARMOUR's conclusion. Therefore, even if this court were to construe Cigna's affirmative claims as counterclaims, the Florida litigation did not toll the statute of limitations period. Counts I, II, IV and V are time-barred.

### B. Counts III, VI, and VII

In Count III, Cigna asserts an equitable "unjust enrichment" claim under Connecticut law. See Compl. at 23. Counts VI and VII asserts claims under ERISA and the Declaratory Judgment Act, respectively. The Labs contend that, because the above counts are time-barred, so too are the equitable claims in Counts III, VI, and VII. See Def. Mem. at 10–13. The court agrees.

"When a plaintiff raises both a legal and equitable claim under the same set of facts, the running of the statute of limitations can bar both claims." Gov't Emps. Ins. Co. v. Barros, 184 Conn. App. 395, 401 n.7 (2018) (citing Vaccaro v. Shell Beach

7

Condominium, Inc., 169 Conn. App. 21, 31 (2016) (upholding lower court's dismissal of equitable claim as time barred where "the plaintiff has pleaded the same essential facts in each of the counts on which he bases his claims for legal and equitable relief" and, "[u]nder these circumstances, . . . the running of applicable limitation period would bar both the plaintiff's legal and equitable claims")). In Certain Underwriters at Lloyd's London v. Cooperman, the Connecticut Supreme Court considered a case in which plaintiffs' equitable claims, including unjust enrichment, were based upon "the same factual allegations" as the plaintiffs' time-barred legal claims. 289 Conn. 383, 407 (2008). The court concluded that, "because these legal claims are barred, the plaintiffs' equitable claims based on the same facts also are time barred." Id.

Here, Counts III, VI, and VII are premised entirely upon the same allegations supporting Cigna's time-barred legal claims. In each of these counts, Cigna alleges that:

> The Labs submitted, and caused to be submitted, claims for reimbursement to Cigna for services provided to Cigna Plan members that contained false and misleading representations, that included but are not limited to the misrepresentations described in Paragraph 126 above.

Compl. ¶¶ 139, 161, 170. Paragraph 126 is Count I of the Complaint—fraud. As to Count III (unjust enrichment), plaintiffs further allege that "the claims that the Labs submitted . . . are based on false, misleading, and fraudulent charges submitted to Cigna" and that "Cigna and Cigna Plans detrimentally relied upon the Labs' false and misleading claims for reimbursement." Id. ¶¶ 140, 141. Because Count III is premised upon the same allegations supporting Cigna's time-barred legal claims, they are also dismissed. See Certain Underwriters, 289 Conn. at 411. For the same reason, Count VII, which seeks declaratory relief pursuant to the Declaratory Judgment Act based

upon the same conduct alleged in Count I, is also time-barred.[5]  See Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992) ("Because a declaratory judgment action is a procedural device used to vindicate substantive rights, it is time-barred only if relief on a direct claim based on such rights would also be barred.").

In Count VI, Cigna seeks relief pursuant to ERISA § 502(a)(3), codified as 29 U.S.C. § 1132(a)(3).  See Compl. ¶¶ 165–167.  Because ERISA does not supply a limitations period for this action, "a court must apply the limitations period of the state-law cause of action most analogous to the federal claim." Sandberg v. KPMG Peat Marwick, LLP, 111 F.3d 331, 333 (2d Cir.1997).  Here, Cigna's ERISA claim is most analogous to a state-law claim for unjust enrichment.  See Compl. ¶ 167.  As Cigna notes, the "ERISA § 502(a)(3) claim is governed by the timeliness analysis applicable to an unjust enrichment claim under Connecticut law."  Pl. Mem. at 14.  Because the ERISA and unjust enrichment claims are both duplicative of the time-barred claims for legal relief, see Compl. ¶¶ 139, 161, these "equitable claims based on the same facts also are time barred," Certain Underwriters, 289 Conn. at 411; see also Vaccaro, 169 Conn. App. at 31; Gov't Emps. Ins. Co., 184 Conn. App. at 401 n.7.

Cigna responds that the Labs' argument "ignore[s] binding Connecticut Supreme Court precedent which . . . makes clear that claims for unjust enrichment are equitable claims for relief, and therefore, not subject to any statute of limitations." Pl. Mem. at 11 (emphasis in original) (citing Reclaimant Corp. v. Deutsch, 332 Conn. 590, 611 (2019)). In Reclaimant, the Connecticut Supreme Court considered whether the plaintiffs' claims (sounding in unjust enrichment) were barred by section 52-577's three-year limitations

---

[5] Cigna does not respond to the Labs' argument involving the timeliness of their declaratory judgment claim.  See Def. Mem. at 11, 12.

period. 332 Conn. at 611. Faced with only claims for equitable relief, the Court held that the trial court did not err in concluding that these claims were not barred by section 52-577. Id. at 614. Relying on Reclaimant, Cigna contends that the unjust enrichment and ERISA claims are not time-barred. Id. at 11–13.

The court does not read Reclaimant to require a different outcome. In Reclaimant, only equitable claims were at issue. Connecticut law "draws a distinction where statutes of limitations are concerned between purely equitable proceedings and actions where a party can seek both legal and equitable relief." Vaccaro, 169 Conn. App. at 31. In purely equitable proceedings, as Reclaimant noted, "a court may provide a remedy even though the governing statute of limitations has expired." Dunham v. Dunham, 204 Conn. 303, 326 (1987)). But even in those cases, statutes of limitations can be instructive. See Reclaimant, 332 Conn. at 613 (acknowledging that "courts in equitable proceedings often look by analogy to the statute of limitations to determine whether . . . a particular action should be heard," although they are "by no means obliged to adhere to those time limitations") (quoting Dunhan, 204 Conn. at 326).

Here, by contrast, Cigna pursues legal claims based upon the same factual allegations supporting their equitable claims. Under these circumstances, Connecticut courts have concluded that the relevant statute of limitations period applies equally to both claims. See Certain Underwriters, 289 Conn. at 411; Vaccaro, 169 Conn. App. at 31; Gov't Emps. Ins. Co., 184 Conn. App. at 401 n.7. Cigna contends that the Reclaimant Court overruled these case sub silentio. Pl. Mem. at 12. This court is not persuaded. Notably, Reclaimant cited approvingly Government Employees and Certain Underwriters. See Reclaimant, 332 Conn. 590 at 613, 614. As to the latter case,

Reclaimant noted that the Court had "conclude[ed] that plaintiffs' equitable claims were time-barred because its legal claims were time-barred under statute of limitations." Id. at 614. Here, the court similarly concludes that, because Cigna's legal claims are time-barred, the equitable claims, which are premised upon the same factual allegations, are likewise time-barred.

## V. CONCLUSION

For the reasons stated above, the Labs' Motion to Dismiss is granted. Because the court concludes that Cigna's claims are time-barred, the court need not address the Labs' remaining arguments.

**SO ORDERED.**

Dated this 17th day of June 2020 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge