UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, EPIC REFERENCE LABS, INC., and EPINEX DIAGNOSTICS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01324<br><br>Hon. Janet C. Hall |

**LABS' MOTION FOR SUMMARY JUDGMENT**

**ORAL ARGUMENT REQUESTED**

BioHealth Laboratories, Inc. ("**BioHealth**"), PB Laboratories, LLC ("**PB Labs**"), Epic Reference Labs, Inc. ("**Epic**") and Epinex Diagnostics, Inc. ("**Epinex**" and, collectively with BioHealth, PB Labs, and Epic, the "**Labs**"), pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "**Federal Rules**") and Rule 56 of the Local Civil Rules (the "**Local Rules**"), submit this *Motion for Summary Judgment* against Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively "**Cigna**"), and respectfully state as follows:

1. On the undisputed material facts in the above-captioned action, the Labs move for summary judgment on three grounds.

2. *First*, Cigna is guilty of laches and, therefore, each of its three untimely equitable claims against the Labs should be dismissed. Cigna concedes that, no later than "August 17, 2015," it "uncovered" the conduct underlying its equitable claims for relief. *See, e.g.,* Dkt. 87, Am. Compl. at ¶ 124. Cigna, nevertheless, unreasonably and inexcusably delayed commencing this lawsuit until four years later, in August 2019. Further, Cigna's unreasonable and inexcusable delay resulted in significant prejudice to the Labs. Among other things, although the Labs deposed Cigna witnesses with first-hand knowledge of the alleged events, circumstances and transactions that purportedly gave rise to Cigna's equitable claims, those witnesses could not "recall" material facts at issue in this case; and notwithstanding the Labs' presentation of documents during their depositions of Cigna's witnesses, those exhibits did not "refresh" the witnesses' recollections. In discovery, the Labs were entitled, and needed, to obtain this material information to defend against Cigna's claims in this case. By bringing untimely

equitable claims based on alleged facts that Cigna's own witnesses cannot recall, Cigna has caused the Labs significant prejudice.

3. *Second*, the Court should dismiss Cigna's cause of action for ERISA relief (Count II) because Cigna has failed to demonstrate that the Labs remain in possession of the funds that Cigna contends the Labs wrongfully received.

4. *Third*, each of Cigna's three "coverage" theories of recovery suffers from a fatal flaw preventing Cigna from obtaining a recovery in this case.

    a. Cigna cannot prevail under its "medical necessity" theory of recovery because, among other things, medical doctors determined whether a particular drug test was medically necessary and ordered the Labs to perform that test; the Labs had a right to, and did, rely on doctors' determinations of medical necessity; moreover, Cigna has not come forward with any patient medical records to demonstrate that, in fact, a particular drug test was not medically necessary;

    b. Cigna cannot prevail under its "fee forgiving" and "unbundling" theories because the "voluntary payment doctrine" bars a recovery; Cigna had full knowledge of the facts necessary to deny the Labs' claims on the basis of purported "unbundling," but Cigna paid the Labs' claims; likewise, Cigna admits that it was aware of the Labs' purported "fee forgiving," but Cigna paid the Labs' claims.

WHEREFORE, the Court should enter an Order dismissing Cigna's claims in their entirety or, in the alternative, dismiss those claims and theories of Cigna's case that Cigna cannot establish at the trial in this case, scheduled for February 2024.

Dated: July 18, 2023                    Respectfully submitted,

/s/ Anthony T. Gestrich
Scott M. Hare (phv10339)
Anthony T. Gestrich (phv11119)
WHITEFORD, TAYLOR & PRESTON, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-618-5600
Facsimile: 412-618-5596
E-mail:    SHare@whitefordlaw.com
           AGestrich@whitefordlaw.com

Fred Alan Cunningham (phv20210)
Matthew Christ (phv20209)
DOMNICK CUNNINGHAM & YAFFA
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone: 561-625-6260
Facsimile: 561-625-6269
E-mail:    Fred@pbglaw.com
           Matt@pbglaw.com

John J. Radshaw III
(ct19882)
65 Trumbull Street, 2nd Fl.
New Haven, CT 06510
Telephone: 203-654-9695
Facsimile: 203-721-6182
E-mail:    jjr@jjr-esq.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2023, a copy of the foregoing was served on the following counsel for the parties by electronic mail:

EDWARD T. KANG
EMILY COSTIN
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
edward.kang@alston.com
emily.costin@alston.com

KELSEY L. KINGSBERY
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27615
kelsey.kingsbery@alston.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

                                    /s/ Anthony T. Gestrich
                                    Anthony T. Gestrich