UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, EPIC REFERENCE LABS, INC., and EPINEX DIAGNOSTICS, INC.,<br><br>　　　　Defendants. | Case No. 3:19-cv-01324<br><br>Hon. Janet C. Hall |

**MOTION *IN LIMINE* TO EXCLUDE THE EXPERT OPINION REPORT
AND TESTIMONY OF DR. KELLY CLARK[1]**

---

[1] This Motion *in Limine* is being filed in the above captioned case, as well as the case pending at Dkt. No. 3:19-cv-01326.

**ORAL ARGUMENT REQUESTED**

Defendants BioHealth Laboratories, Inc. ("**BioHealth**"), PB Laboratories, LLC ("**PB Labs**"), Epic Reference Labs, Inc. ("**Epic**") and Epinex Diagnostics, Inc. ("**Epinex**" and, collectively with BioHealth, PB Labs, and Epic, the "**Labs**"), move the Court to exclude testimony and other evidence at trial relating to Plaintiffs' expert Dr. Kelly Clark, and in support thereof, state as follows:

1. The Court should exclude Clark's Expert Opinion Report and testimony regarding the Labs' "business model" and "billing practices" because Clark's conclusions lack sufficient data to provide a reliable foundation and fail to conform to any generally accepted and reliable methodology as required by the Federal Rules of Evidence and the legal standards set forth in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

2. Regarding the Labs' purported "business model," Clark's Expert Opinion Report and testimony should be excluded for at least four reasons, including that:

    a. Clark's expertise as a medical doctor does not qualify her as a "business" expert, and even if Clark was qualified to offer testimony regarding the Labs' business model, the Federal Rules of Evidence do not permit an expert witness to testify to a party's motivation for management choices;

    b. Clark's analysis of the Labs' Sales Manual is both irrelevant and inadmissible because the use of a draft, unfinished sales manual is not a reliable scientific methodology that would allow an expert to draw conclusions about the Labs' actions or motivations;

      c. Clark's conclusions are largely unsupported and include sweeping generalizations and extrapolations based on a small quantity of data that Clark impermissibly "cherry-picked" to support her narrative without further explanation;

      d. Clark makes broad conclusory allegations against the Labs, claiming patterns of behavior based on singular examples or rank speculation, offering no data or methodology to support her conclusions.

3. Regarding the "billing practices" of the Labs, Clark engages in the same impermissible "cherry-picking"," selecting discrete "examples" of "inappropriate billing" that support her narrative without attempting to perform a statistical analysis or other meaningful scientific breakdown of the Labs' full claims data. As such, Clark's conclusions related to the Labs' billing practices are purely speculative and should be excluded pursuant to Rule 702 of the Federal Rules of Evidence.

4. Moreover, Clark repeatedly refers to the Labs as a collective, ignoring that there are three distinct Defendants in this action, each with its own separate patients and billing practices. Clark offers no legitimate explanation for generalizing across Defendants, and her conclusions are therefore neither scientifically valid nor reliable.

5. Finally, and for many of the same reasons discussed above, Clark's Rebuttal Opinions should also be excluded because Clark incorporates many of the fundamentally flawed opinions of the Expert Report in her Rebuttal Opinions.

  For the reasons set forth above and as more fully stated in the Labs' Memorandum in Support of this Motion *in Limine*, filed contemporaneously herewith and

incorporated herein by reference, the Labs respectfully request that this Court exclude the Expert Opinion Report and testimony of Dr. Kelly Clark, along with those portions of the Rebuttal Opinion of Dr. Kelly Clark that concern the same subject matter as her Expert Opinion Report, along with such additional relief as this Court deems just and proper.

Dated: July 18, 2023

Respectfully submitted,

/s/ Anthony T. Gestrich
Scott M. Hare (phv10339)
Anthony T. Gestrich (phv11119)
WHITEFORD, TAYLOR & PRESTON, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-618-5600
Facsimile: 412-618-5596
E-mail:   SHare@whitefordlaw.com
          AGestrich@whitefordlaw.com

Fred Alan Cunningham (phv20210)
Matthew Christ (phv20209)
DOMNICK CUNNINGHAM & YAFFA
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone: 561-625-6260
Facsimile: 561-625-6269
E-mail:   Fred@pbglaw.com
          Matt@pbglaw.com

John J. Radshaw III
(ct19882)
65 Trumbull Street, 2nd Fl.
New Haven, CT 06510
Telephone: 203-654-9695
Facsimile: 203-721-6182
E-mail:   jjr@jjr-esq.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2023, a copy of the foregoing was served on the following counsel for the parties by electronic mail:

EDWARD T. KANG
EMILY COSTIN
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
edward.kang@alston.com
emily.costin@alston.com

KELSEY L. KINGSBERY
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27615
kelsey.kingsbery@alston.com

*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

                          */s/ Anthony T. Gestrich*
                          Anthony T. Gestrich