# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, and EPIC REFERENCE LABS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01324-JCH<br><br><br><br>FEBRUARY 15, 2023 |

**AMENDED NOTICE OF VIDEO-TAPED DEPOSITION OF RULE 30(b)(6) DESIGNEE OF CIGNA HEALTH AND LIFE INSURANCE COMPANY**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants EPIC REFERENCE LABS, INC., BIOHEALTH MEDICAL LABORATORY, INC., and PB LABORATORIES ("Defendants"), through their undersigned attorneys, will take the video-taped oral deposition of Plaintiff, CIGNA HEALTH AND LIFE INSURANCE COMPANY, on **FEBRUARY 16, 2023, at 9:00a.m. VIA ZOOM, before Brandon Legal Tech**, a duly authorized notary public, or other competent authority. The deposition will be recorded by stenographic and audiovisual means, and will be video-taped. Pursuant to Rule 30(b)(6), the deponent is required to identify and produce for the deposition one or more officers, directors, managing agents, or other agents and employees who consent to testify on its behalf and are the officers, directors, agents, or employees to testify as to the matters outlined on the attached **Schedule A**. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

THE DEFENDANTS,
BIOHEALTH LABORATORIES, INC.,
PB LABORATORIES, LLC, and EPIC
REFERENCE LABS, INC.,


/s/ *Matthew T. Christ*
Fred Alan Cunningham (phv20210)
Matthew Christ (phv20209)
DOMNICK CUNNINGHAM & YAFFA
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone: 561-625-6260
Facsimile: 561-625-6269
fred@pbglaw.com; matthew@pbglaw.com;
tracy@pbglaw.com;  eservice@pbglaw.com


Scott M. Hare (phv10339)
Anthony T. Gestrich (phv11119)
WHITEFORD, TAYLOR & PRESTON, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-618-5600
Facsimile: 412-618-5596
SHare@wtplaw.com; AGestrich@wtplaw.com

John J. Radshaw III (ct19882)
65 Trumbull Street, 2nd Fl.
New Haven, CT 06510
Telephone: 203-654-9695
Facsimile: 203-721-6182
jjr@jjr-esq.com

*Counsel for Defendants*
*BioHealth Laboratories, Inc.,*
*PB Laboratories, LLC, and, Epic Reference Labs,*
*Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by the CM/ECF service and/or by Electronic Mail on all counsel or parties of record on the Service List below this this 15th day of February 2023.

/s/ Matthew T. Christ
Matthew T. Christ

## **SERVICE LIST**

Edward T. Kang (CT26653)
Emily Costin (phv10291)
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com
emily.costin@alston.com

Kelsey L. Kingsbery (phv10282)
555 Fayetteville Street, Suite 600
Raleigh, North Carolina 27615
Telephone: 919-862-2200
Facsimile: 919-862-2260
kelsey.kingsbery@alston.com
*Counsel for Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company*

## SCHEDULE A

**1. Processing of claims for benefits from out-of-network providers**

a) All training, instruction, communications, policies on processing claims submitted to Cigna by out-of-network providers;

b) All algorithms for processing claims submitted to Cigna by out-of-network providers;

c) All electronic methods for processing claims submitted to Cigna by out-of network providers, and the operation of those electronic methods, if any;

d) Means and methods for reviewing claims submitted to Cigna by out-of network Providers;

e) The means and methods by which Cigna ensured compliance with the requirements of the Florida Prompt Pay Act or any other analogous law of other states;

f) Communications between Cigna and any Labs regarding the processing of invoices and claims submitted by the Labs.

**2. Denial of claims for benefits from out-of-network providers**

a) Means and methods for denying payment for claims submitted by out of-network providers;

b) Means and methods for determining whether a claim submitted by an out-of-network provider should be investigated for fraud or any other conduct as described in paragraphs 72-116 of the lawsuit styled *Connecticut General Life Insurance Company & CIGNA Health and Life Insurance Company v. BioHealth Laboratories, Inc., et al.*, Case No. 3:19-CV-01324-JCH, filed in the United States District Court for the District of Connecticut on August 27, 2019;

c) Means or methods by which Cigna determined whether to refer any of the Labs to any law enforcement agency based on the allegations contained in paragraphs 72-116 of the lawsuit styled *Connecticut General Life Insurance Company & CIGNA Health and Life Insurance Company v. BioHealth Laboratories, Inc., et al.*, Case No. 3:19-CV-01324-JCH, filed in the United States District Court for the District of Connecticut on August 27, 2019;

d) All investigation(s) conducted by Cigna into the events that are the subject matter of the Cigna's amended complaint;

e) All investigation(s) conducted by Cigna into the events that are the subject matter of Cigna's complaint against the Defendants in the lawsuit styled *Connecticut General Life Insurance Company & CIGNA Health and Life Insurance Company v. BioHealth Laboratories, Inc., et al.*, Case No. 3:19-CV-01324-JCH, filed in the United States District Court for the District of Connecticut on August 27, 2019;

f) Communications between Cigna with any of the Labs regarding the denial of claims submitted by the Labs to Cigna between 2012 and 2019.

g) Any corporate plan or strategy employed by Cigna that resulted in the denial and/or failure to respond to claims submitted by out-of-network providers between 2012 and 2019;

h) Any communications between Cigna and any governmental law enforcement agency regarding the Labs between 2012 and 2019.

i) The means and methods whereby a member of Cigna's Special Investigations Unit can determine the amount of claims paid, pending, or denied at any point in time for an out-of-network provider; and

j) The process by which a claim is denied as a result of a Flag issued by the Special Investigations Unit.

**3. Payment of claims for benefits from out-of-network providers**

a) Means and methods for approving for payment claims submitted by out-of-network providers;

b) Means and methods of remitting payment of approved claims submitted by out-of-network providers; and

c) Any corporate plan or strategy employed by CIGNA that resulted in the denial and/or failure to respond to claims submitted by out-of network providers.

**4. Appeal Process**

a) The policies and procedures which govern the process of appeals for claims submitted by out-of-network providers that are denied as a result of a flag either contemplated, pending, processing, or applied by the Special Investigations Unit, to the claim or out-of-network provider;

b) The policies and procedures which govern the process of appeals for claims submitted by in-network providers that are denied as a result of a flag either contemplated, pending, processing, or applied by the Special Investigations Unit, to the claim or in-network provider;

    c) The policies and procedures that govern the administration of a claim after an appeal submitted to the National Appeals Organization has been denied;

    d) The policies and procedures that govern the administration of an appeal of a claim submitted by a medical provider that has been flagged by the Special Investigations Unit;

    e) The policies and procedures that govern the administration of an appeal of a claim that has been flagged by the Special Investigations Unit; and

    f) Organizational structure of the National Appeals Organization.

## 5. Miscellaneous Topics

    a) Any commission(s), bonus structure(s), or other incentive-based metrics utilized by Cigna for the benefit of Cigna's employees which requires, in any way, the denial of any claim for benefits submitted by out-of-network providers;

    b) All documents which contain or reference a post-payment audit of claims submitted by the Labs which Cigna performed during the years 2013 through today; and

    c) All documents relating to the Labs' request(s), if any, to Cigna to become an in-network provider.

    d) The basis of, and facts relevant to support, all affirmative defenses asserted by Cigna.

    e) History and development of Cigna's policy on "fee forgiveness."

    f) Compilation of Cigna's claims detail spreadsheets and the databases from which these spreadsheets were generated.