# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

Civil Action No. 19-cv-01324-JCH

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY and
CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

     *Plaintiff*,

v.

BIOHEALTH LABORATORIES, INC.,
PB LABORATORIES, LLC,
EPIC REFERENCE LABS, INC., and
EPINEX DIAGNOSTICS, INC.,

     *Defendants.*

## EXPERT REPORT OF
### Jacqueline Thelian, CPC, CPC-I, CPMA, CHCA

_____
**Jacqueline Thelian, CPC, CPC-I, CPMA, CHCA**
**Healthcare Consultant**
**Medco Consultants, Inc.**
**March 1, 2023**

1

**Prepared By:** Jacqueline Thelian, CPC, CPC-I, CHCA, CPMA

## Introduction

Among other filings in this matter, Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") filed a complaint on August 27, 2019, which it amended on December 13, 2021 ("Cigna's Complaint"), bringing an unjust enrichment claim, among other claims, against BioHealth Laboratories, Inc. ("BioHealth"), PB Laboratories, LLC ("PB Labs"), Epic Reference Labs, Inc. ("Epic"), and others.[1] On January 11, 2021, Epic, BioHealth, and PB Labs (individually, a "Lab" and collectively the "Labs") filed a separate amended complaint ("Lab's Complaint") bringing a breach of contract claim, among other claims, against Cigna.[2] These matters were consolidated on February 2, 2022. As part of this litigation, the Labs allege that Cigna, during the relevant period of 2012 through 2017, failed to properly reimburse the Labs' covered claims for blood and urine testing services.

## Objective

Counsel for the Labs, Whiteford, Taylor & Preston L.L.P. ("Counsel"), retained me as a testifying expert witness to evaluate documentation related to the Labs' healthcare claims seeking reimbursement from Cigna, along with Cigna's justification(s) for denying such claims. Specifically, Counsel asked me to evaluate and opine on (i) the coding, billing, and supporting documentation for the Labs' covered drug testing claims, and (ii) Cigna's decision to flag and deny reimbursement for the Labs' covered drug testing claims.

This report summarizes my findings, comments, and opinions to date. My opinions are based upon the information available to me at the time this report was written and are listed in Appendix A. I reserve the right to supplement, amend or revise my opinions if additional information becomes available.

---

[1] *Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company v. BioHealth Laboratories, Inc., PB Laboratories, LLC, Epic Reference Labs, Inc., and Epinex Diagnostics, Inc., et al.,* No. 19cv01324, in the U.S. District Court for the District of Connecticut.

[2] *Epic Reference Labs, Inc., BioHealth Laboratories, Inc., and PB Laboratories, LLC v. Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company,* No. 19cv01326, in the U.S. District Court for the District of Connecticut.

2

**Qualifications and Areas of Expertise**

I am the President of Medco Consultants, Inc. ("Medco") which is a healthcare consulting firm providing certified professional coding services, documentation, coding and billing education to hospitals, clinics, individual physicians, and qualified healthcare professionals (QHP) and Revenue Cycle Management (RCM). In addition, I provide courses that prepare students for the Certified Professional Coding (CPC) Exam and Certified Professional Medical Auditor (CPMA) exam.

Medco is Certified by NYC as a WBE (Women's Business Enterprise) to offer professional healthcare consulting services and products to New York City, agencies, and is endorsed by The Medical Society of the State of New York (MSSNY) as a preferred provider for coding consulting services offering significant benefits to their members.

I am certified as a Professional Coder by the American Academy of Professional Coders (AAPC) with a CPC designation, a Certified Professional Coder Instructor by the AAPC with a CPC-I designation, a Certified Healthcare Chart Auditor with a CHCA designation through the Association of Healthcare Chart Auditors and Educators (AHCAE) and a Certified Professional Medical Auditor by the AAPC with a CPMA designation.

My day-to-day responsibilities at Medco include developing course curriculum, providing education and/or chart reviews to facilities, physicians and QHPs who are under Corporate Integrity Agreements (CIAs). I work in concert with many legal professionals on various cases with regards to compliance and insurance carriers' issues and overpayment demands and monitorship for physicians and QHPs required by Office of Professional Medical Conduct (OPMC). In a number of cases, I have provided expert testimony at Administrative Law Judge (ALJ) Hearings and OPMC.

My experience in medical practice operational issues is used to assist clinics, group practices, physicians and QHPs in managing the administrative and clinical functions associated with claims processing, payment, and revenue generation.

3

My credentials require continuing education each year for a total of 48 credit hours every year. As such, I remain updated on the coding system and fee schedules, as well as the various documentation, coding and billing rules and regulations. I have been providing Healthcare Consulting Services for over twenty-seven years.

My education, professional history, qualifications, sworn testimony and a list of my publications are attached in Appendix B. I am being compensated for my work at the rate of $595.00 per hour, and I am being reimbursed for out-of-pocket expenses. Reimbursement for my services is not contingent upon any finding, result, or testimony in this matter. Medco Consultants, Inc. is located at 75-34 190th Street, Fresh Meadows, New York, 11366.

**Summary of Opinions**

Based on my analysis contained herein, my opinions, to a reasonable degree of certainty, are that:

1. Opinion 1 – Cigna's Flagging of Claims and Denials of the Labs' Claims for Denial Reason Code 1698 - Unlisted Code – I find Cigna's claim line denials for Unlisted Codes listed on Appendix C as unsubstantiated and as incorrectly denying claims that contained the required supporting information to adjudicate and reimburse for the CPT code(s) submitted.

2. Opinion 2 – Cigna's Flagging of Claims and Denials for BioHealth and Epic for Denial Reason Code 1648 - Invalid Service Code – I find Cigna's claim line denials for Invalid Service Codes listed on Appendix D as unsubstantiated and as incorrectly denying claims that contained valid CPT codes for the dates of service for which they were billed .

3. Opinion 3 – Cigna's Flagging of Claims and Denials for PB Labs and BioHealth for Denial Reason Code 0322 - Fee Forgiveness – I find Cigna's claim line denials for Fee Forgiveness listed on Appendix  E as unsubstantiated and as incorrectly denying claims because the Labs met  industry standards regarding balance billing for deductibles, copayments, and co-insurance.

4. Opinion 4 – Cigna's Flagging of Claims and Denials for PB Labs for Denial Reason
   Code -- 0369 Services Not Performed - I find Cigna's claim line denies for Services Not
   Performed listed on Appendix F as unsubstantiated and as incorrectly denying claims
   because the laboratory reports included documentation to support the Labs' provision of
   the services billed.

**Source Documents / Reference Materials**

✓ Current Procedural Terminology (CPT) manuals 2012-2017
✓ Healthcare Common Procedure Coding System (HCPCS) manuals 2012-2017
✓ National Uniform Claim Committee, (NUCC) 1500 Health Insurance Claim Form
   Reference Instruction Manual June 2013, July, 2014, July 2015, July 2016, and July 2017
✓ CPT Assistant, April 2015, Volume 25 Issue 4, Definitive vs Presumptive: The "New"
   Qualitative/Quantitative Designation for Drug Identification and Testing

**Information Considered[3]**

Counsel provided access to information, including but not limited to:

✓ Various Correspondence between Cigna and the Labs – Emails and letters to and from,
   Mr. Michael Nicholson, Mr. Mark Hicks, Ms. Stephanie Canto,  Mr. Michael Gennett,
   Mr. William M. Welch II, and Mr. Dean Viskovich
✓ Cases Reviewed by Cigna's Medical Director – Laboratory Orders, CMS1500 claim
   forms, laboratory reports[4]
✓ Various Cigna claims and corresponding laboratory reports[5]
✓ Various Patient Statements[6]

---

[3] From what I know and understand the information and data provided to me by counsel was not limited in any
manner. I was afforded the opportunity to request additional information to support the opinions contained herein as
well as conflicting evidence if any.
[4] CIGNA19-1326 0303678, CIGNA19-1326 0303779, CIGNA19-1326 0304170, CIGNA19-1326 0304516,
CIGNA19-1326 0305829, CIGNA19-1326 0306094, CIGNA19-1326 0306397, CIGNA19-1326 0306920,
CIGNA19-1326 0307228, CIGNA19-1326 0307522, CIGNA19-1326 0307794, CIGNA19-1326 0308148,
CIGNA19-1326 0308657, CIGNA19-1326 0308947, CIGNA19-1326 0309827, CIGNA19-1326 0312361,
CIGNA19-1326 0313675, CIGNA19-1326 0314338, CIGNA19-1326 0314794, CIGNA19-1326 0315649.
[5] Spreadsheets produced by Cigna listing individual claims and claim line components representing all drug testing
services performed by the Labs and submitted to Cigna for reimbursement.  *See* CIGNA19-1326 0007983,
CIGNA19-1326 0007530, CIGNA19-1326 0007980, CIGNA19-1326 0007979, CIGNA19-1326 0007533,
CIGNA19-1326 0007981, CIGNA19-1326 0007531.
[6] LABS00492996, LABS00493007, LABS00493062, LABS00493102, LABS00493213, LABS00493018,
LABS00493074, LABS00490292, LABS00490301, LABS00490664, LABS00490668, LABS00493082,
LABS00493128, LABS00493149.

- ✓ Deposition testimony of Dr. Nicoll, dated January 24, 2023
- ✓ Deposition transcript of Ms. Deanna Anderson, dated September 26, 2022
- ✓ Deposition transcript of Ms. Stephanie Canto, dated October 27, 2022 and February 2, 2023
- ✓ The Labs Expert Report of Mr. Christopher L. Haney, CPA, CFE, CHC, dated March 1, 2023
- ✓ Complaint and Amended Complaint in Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company v. BioHealth Laboratories, Inc., PB Laboratories, LLC, EPIC Reference Labs, Inc., and Epinex Diagnostics, Inc., et al., No. 19cv01324, in the U.S. District Court for the District of Connecticut;
- ✓ Amended Complaint in EPIC Reference Labs, Inc., BioHealth Laboratories, Inc., and PB Laboratories, LLC v. Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company, No. 19cv01326, in the U.S. District Court for the District of Connecticut

Additional documentation identified in Appendix A

**Data Review Protocol**

For purposes of my opinions in this Report, I reviewed data and information to identify any claim/claim line items that were flagged and/or denied by Cigna for one of the denial reasons listed below:

1. 1698 – Unlisted Code - The unlisted code is disallowed because a description of the service is required but was not received.

2. 1648 – Invalid Service Code - Your claim was received with a missing or invalid service code based on our reimbursement policy.

3. 0369 - Services Not Performed - Based upon the information reported or contained in the file, services were not rendered as billed.

4. 0322 - Fee Forgiveness - See the exclusions page of your Cigna-administered plan document: charges which you are not obligated to pay or for which you are not billed or for which you would not have been billed except that they were covered under the plan are not covered.

6

Both Cigna's Complaint and the Labs' Complaint address a common population of claims that I considered in forming my opinions. Mr. Haney's report provides a detailed description of this population of claims (the "Population").[7]

The Population was then organized by Lab and specific timeframes for each denial reason I reviewed relevant information describing Cigna's decisions to flag some or all of the Labs' claims, including (i) Cigna's basis for unilaterally denying the Labs' claims, (ii) correspondence between Cigna and the Labs related to claims denied during this timeframe, and (iii) Cigna's testimony describing its rationale and basis for denying the Labs' claims, among other things. In addition to this information, I also reviewed numerous examples of supporting documents for each denial reason.

| Laboratory | Time Frame | Denial Code # | Denial Reason Description |
|---|---|---|---|
| PB Labs | 9/27/13 - 3/26/14 | 0369 | Services not performed |
| PB Labs | 3/27/14-12/11/14 | 0369 | Services not performed |
| PB Labs | 3/27/14-12/11/14 | 1698 | Unlisted Code |
| PB Labs | 3/27/14-12/11/14 | 0322 | Fee Forgiveness |
| PB Labs | 12/12/14 – 11/13/17 | 1698 | Unlisted Code |
| PG Labs | 12/12/14 – 11/13/17 | 0322 | Fee Forgiveness |
| BioHealth | 8/22/12 – 5/21/15 | 1698 | Unlisted Code |
| BioHealth | 8/22/12 – 5/21/15 | 1648 | Invalid Service Code |
| BioHealth | 5/22/15 – 2/25/17 | 0322 | Fee Forgiveness |
| Epic Labs | Entire period at issue | 1648 | Invalid Service Code |
| Epic Labs | Entire period at issue | 1698 | Unlisted Code |

---

[7] Expert Report of Christopher L. Haney, CPA, CFE, CHC, Section IV Relevant Background A. Population of Claims at Issue.

My approach to evaluating these claims divided the available data into three categories: (1) each Lab, (2) specific time frames and, (3) each denial code (0369, 0322, 1648, 1698) within the specific time frame.

I reviewed depositions, correspondence from Cigna to the Labs, along with numerous examples of supporting documents for each claim, including medical records, etc. to further evaluate Cigna's decision to flag or deny claims for the reasons above.

I reviewed the following documentation to specifically determine:

1. If sufficient information was included on the CMS1500 claim form to properly identify services when an Unlisted CPT code 80299 Quantitation of drug, not elsewhere specified[8] or 80299 Quantitation of therapeutic drug, not elsewhere specified,[9] was reported;
2. If CPT code(s) were valid for the date of service billed;
3. If laboratory reports supported the services provided and billed; and
4. If the Labs made a good-faith effort to collect patients' known deductibles, copayments, and coinsurance.

**Findings**

**Opinion 1** – Cigna's Flagging and Denials of the Labs' Claims for Denial Reason Code 1698 Unlisted Code Was Incorrect and Unsubstantiated

I find Cigna's claim line denials for Unlisted Codes listed on Appendix C as unsubstantiated and as incorrectly denying claims that contained the required supporting information to adjudicate and reimburse for the CPT code(s) submitted.

On or about March 2013, Cigna became concerned with claims submitted for an unlisted CPT code. Ms. Canto confirmed in her deposition her prior notes from a July 19, 2013 Case

---

[8] CPT definition of CPT code from 2012-2014
[9] CPT definition of CPT code from 2015 – Current

Notification/Status Update Form, which stated: "A majority of the payments made to this laboratory are for an unlisted procedure code. Cigna is in the process of conducting a retrospective review of claims on this laboratory to substantiate the billing information received."[10]

Ms. Canto goes on to state, "If the unlisted code based on the record documentation, was the most appropriate code to use. If it was, the claim would be allowed to be handled accordingly."[11]

The medical records submitted for Dr. Nicoll's review included the CMS1500 claim form and the laboratory reports. The laboratory reports included documentation to support the services performed under the unlisted CPT code utilized by the Labs in their billing submissions to Cigna.

For example:

1.  Patient MZ, date of service 04/04/13, included billing for CPT code 80299 to report oxycodone, propoxyphene. The laboratory report shows the services were provided and the test results were documented. Specific CPT codes for these tests were not effective until 1/1/2015, therefore supporting the billing of the unlisted CPT code for 04/04/13.[12]

2.  Patient JP, date of service 1/7/13, included billing for CPT code 80299 to report antidepressants, K2-Spice and Gabapentin. The laboratory report show the services were provided and test results were documented. Specific CPT codes for these tests were not effective until 1/1/2015, therefore supporting the billing of the unlisted CPT code for 1/7/13.[13]

---

[10] Deposition testimony of Ms. Stephanie Canto dated October 27, 2022, page 80-82; *see also* CIGNA19-1326 0289553.
[11] Deposition testimony of Ms. Stephanie Canto dated October 27, 2022, page 87.
[12] CIGNA19-1326 0303678, pages 33, 35-37.
[13] CIGNA19-1326 0306397, pages 35, 37-40.

3. Patient RS, date of service 1/13/13, included billing for CPT code 80299 to report tramadol. The laboratory report show the services were provided and test results were documented. A specific CPT code for this test was not effective until 1/1/2015, therefore supporting the billing of the unlisted CPT code for 1/13/13.[14]

The deposition testimony of Ms. Deanna Anderson regarding the use of unlisted code 80299 as it relates to the results of Dr. Nicoll's review is concerning because it indicates their collective lack of interpretation and understanding of the use of unlisted CPT codes.

Equally concerning is the SIU's decision to deny claims based upon an inaccurate definition of an Unlisted Code.

Ms. Anderson was questioned regarding (1) Dr. Nicoll's statement "*Unlisted service that is either E/I/U or medically necessary and inappropriate*" and (2) what Dr. Nicoll meant when he referred to "E/I/U." Ms. Anderson testified in response: "*Experimental, investigational or unproven*".[15]

As per CPT, "*Category III CPT codes are reported for emerging technology, services, procedures, and service paradigms. Category III codes allow data collection for these services and procedures. Use of unlisted codes does not offer the opportunity for the collection of specific data. If a Category III code is available, this code must be reported instead of a Category I unlisted code.*" Accordingly, Ms. Anderson's testimony is incorrect and does not accurately reflect the meaning or usage of unlisted code 80299.

Ms. Anderson's testimony as to the medical record review conducted by Dr. Nicoll is that "*the medical record review combined with the high volume of testing, which was on a daily basis, the irregular usage of an unlisted code as their top procedure code, again all supported by the review of Dr. Nicoll is definitely suspicious of fraud.*"[16]

---

[14] CIGNA19-1326 0308947, pages 13, 17, 19.
[15] Deposition testimony of Ms. Deanna Anderson dated September 26, 2022, page 92.
[16] Deposition testimony of Ms. Deanna Anderson dated September 26, 2022, page 183.

The unlisted CPT code being referenced is 80299 Quantitation of drug, *not elsewhere specified* and 80299 Quantitation of therapeutic drug, *not elsewhere specified*, is located in the CPT Manual under Category I CPT codes. As per the CPT code descriptor these codes are used to report specific drugs for which no specific CPT code exists at the time of service.

For the timeframe included in Dr. Nicoll's review, specifically 2013, many of the drugs tested (e.g., oxycodone, methamphetamine, ecstasy, etc.) did not have specific Category I CPT codes.

The use of the unlisted code (80299) was not irregular Instead, the use of the unlisted code (80299) was required for the Labs to identify drugs tested for which no specific CPT code existed at the time the service was rendered.

Unlisted CPT Codes

Medical Providers use *Current Procedural Terminology* (CPT) codes and *Healthcare Common Procedure Coding System* (HCPCS) codes to report procedures, services, drugs, supplies, equipment, and devices provided to a patient. Both CPT and HCPCS codes are industry standard five (5) digit and/or alpha-numeric codes regularly used by providers and payers to identify medical services and procedures provided and to determine benefits, payment, and reimbursement of a medical claim.[17]

CPT Manuals, 2012 to 2017, Introduction, Instructions for Use of the CPT Codebook states: "*Select the name of the procedure or service performed. Do not select a CPT code that merely approximates the service provided. If no such specific code exists, then report the service using the appropriate unlisted procedure or service code.*"

Unlisted procedure or service codes are identified in CPT, which include "unlisted procedure", "Not Otherwise Classified" (NOC), "Not Elsewhere Classified" (NEC), or Not Elsewhere Specified (NES) in their code descriptor, and typically end in 99.

---

[17] CPT Codes are published and maintained by the CPT Editorial Panel and the American Medical Association while HCPCS Codes are published and maintained by the Centers for Medicare and Medicaid Services.

The National Uniform Claim Committee (NUCC) is responsible for the design and maintenance of the CMS-1500 form Instruction Manual.[18]

NUCC provides the following instruction on how to report unlisted CPT codes: "*Supplemental information describing the unspecified service or procedure is entered in the shaded areas of Item 24 on the CMS1500 claim form.*"[19]

As is evident from the Illustrated Example below, BioHealth correctly identified the services provided on the CMS1500 Form immediately above CPT code 80299.

Illustrated Example[20] / Additional Examples[21]

| DATE(S) OF SERVICE From / To | | | | | | PLACE OF SERVICE | EMG | PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS / MODIFIER | DIAGNOSIS POINTER | $ CHARGES | DAYS OR UNITS | EPSDT Family Plan | ID QUAL | RENDERING PROVIDER ID # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 07 14 | 01 07 14 | 81 | | | | | | MEP-MEPERIDINE QUANITATI 80299  91 90 | AB | 111.75 | 1 | | NPI | 1629176466 |
| 01 07 14 | 01 07 14 | 81 | | | | | | METH-300 METHAMPHETAMINE 80299  91 90 | AB | 118.75 | 1 | | NPI | 1629176466 |
| 01 07 14 | 01 07 14 | 81 | | | | | | MTD METHADONE SO 83840  90 | AB | 118.65 | 1 | | NPI | 1629176466 |
| 01 07 14 | 01 07 14 | 81 | | | | | | OPI-OPIATE SO 83925  90 | AB | 119.50 | 1 | | NPI | 1629176466 |
| 01 07 14 | 01 07 14 | 81 | | | | | | OXY-OXYCODONE QUANTITATI 80299  91 90 | AB | 112.75 | 1 | | NPI | 1629176466 |
| 01 07 14 | 01 07 14 | 81 | | | | | | PCP-PHENCYCLIDINE SO 83992  90 | AB | 120.50 | 1 | | NPI | 1629176466 |

| FEDERAL TAX I.D. NUMBER | SSN | EIN | PATIENT'S ACCOUNT NO. | ACCEPT ASSIGNMENT | | TOTAL CHARGE | AMOUNT PAID | Rsvd for NUCC Use |
|---|---|---|---|---|---|---|---|---|
| 45-0536376 | | X | BIO.342 | X YES | NO | 701.90 | 0.00 | |

SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS
BIOHEALTH MEDICAL LAB     07 11 14

SERVICE FACILITY LOCATION INFORMATION
FORENSICS LABORATORY
4895 JOLIET ST UNIT 7G
DENVER, CO 80239-2529
1710966460

BILLING PROVIDER INFO & PH # ( 888-302-2897
BIOHEALTH MEDICAL LAB INC
814 TYVOLA ROAD STE 116
CHARLOTTE, NC 28217-4598
1629176466

---

[18] The committee was created to develop a standardized data set for use by the non-institutional health care community to transmit claim and encounter information to and from all third-party payers.

[19] National Uniform Claim Committee (NUCC) 1500 Health Insurance Claim Form Reference Manual, Instructions, and examples of supplemental information in item number 24.

[20] LABS01230925.

[21] CIGNA19-13260004505, CIGNA19-1326 0308148, CIGNA19-1326 0312361, CIGNA19-1326 0314794, CIGNA19-1326 0315649.

Opinion 2 –  Cigna's Flagging and Denial of BioHealth and Epic Claims for Denial Reason Code 1648 Invalid Service Code Was Incorrect and Unsubstantiated

In my opinion, Cigna's claim line denials for Invalid Service Codes listed on Appendix D were valid CPT codes for the dates of service for which they were billed rendering Cigna's denials incorrect and unsubstantiated.

A review of the Population  showed a pattern of  claims being denied by Cigna as, "Invalid Service Code(s)."  This denial appeared within the Population only for claims submitted by BioHealth and Epic having a service date of 1/1/2015 or later and warranted further review.  I have not seen documentation from Cigna explaining the rationale for this change; this activity pre-dates the creation of the Epic investigation ledger[22] and the contemporaneous entry in the BioHealth investigation ledger is redacted.[23]

Coincidently, on November 18, 2014, due to a large volume of claims, Ms. Canto changed the course of the BioHealth investigation. "*I am removing the current prepay edit protocol to request medical records. Prepay edit 1558, in parentheses. The HCP has a significant claim volume and I will need to consider another course of action on this investigation.*"[24]

Upon review it was noted the CPT code(s) billed by BioHealth and Epic were valid for the dates of service for which they were reported.

As the designated standard for the electronic reporting of physician and other health care professional services under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), CPT codes are updated annually and effective for use on January 1 of each year.[25] The AMA prepares each annual update so that the new CPT books are available in the fall of each year preceding their effective date to allow for implementation.

---

[22] CIGNA19-1326 0302257, Row 223.
[23] CIGNA19-1326 0302258, Row 137.
[24] Deposition testimony Ms. Stephanie Canto dated February 2, 2023, page 287; *see also* CIGNA19-1326 0302258, Row 145.
[25] https://www.ama-assn.org/about/cpt-editorial-panel/cpt-code-process.

| CPT Code | CPT Description | Code History |
|---|---|---|
| 80101 | Drug screen, qualitative; single drug class method (eg, immunoassay, enzyme assay), each drug class | Valid CPT code in 2013. As per CPT this code was deleted in 2015. |
| 80302 | Drug screen, presumptive, single drug class from Drug Class List B, by immunoassay (e.g., ELISA) or non-TLC chromatography without mass spectrometry (e.g., GC, HPLC), each procedure. | Valid CPT code in 2015. As per CPT, this CPT code was deleted on 01/01/2017. |
| 80301 | Drug screen, any number of drug classes from Drug Class List A; single drug class method, by instrumented test systems (e.g., discrete multichannel chemistry analyzers utilizing immunoassay or enzyme assay), per date of service | Valid CPT code in 2015. As per CPT, this CPT code was deleted on 01/01/2017. |
| 80321 | Alcohol biomarkers; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80323 | Alkaloids, not otherwise specified | Effective 1/1/2015 Code is active to date |
| 80324 | Amphetamines; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80325 | Amphetamines; 3 or 4 | Effective 1/1/2015 Code is active to date |
| 80332 | Antidepressants, serotonergic class; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80334 | Antidepressants, serotonergic class; 6 or more | Effective 1/1/2015 Code is active to date |
| 80335 | Antidepressants, tricyclic, and other cyclicals; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80337 | Antidepressants, tricyclic, and other cyclicals; 6 or more | Effective 1/1/2015 Code is active to date |
| 80338 | Antidepressants, not otherwise specified | Effective 1/1/2015 Code is active to date |
| 80344 | Antipsychotics, not otherwise specified; 7 or more | Effective 1/1/2015 Code is active to date |
| 80345 | Barbiturates | Effective 1/1/2015 Code is active to date |
| 80346 | Benzodiazepines; 1-12 | Effective 1/1/2015 Code is active to date |

| 80348 | Buprenorphine | Effective 1/1/2015 Code is active to date |
|---|---|---|
| 80349 | Cannabinoids, natural | Effective 1/1/2015 Code is active to date |
| 80350 | Cannabinoids, synthetic; 1-3 | Effective 1/1/2015 Code is active to date |
| 80351 | Cannabinoids, synthetic; 4-6 | Effective 1/1/2015 Code is active to date |
| 80352 | Cannabinoids, synthetic; 7 or more | Effective 1/1/2015 Code is active to date |
| 80353 | Cocaine | Effective 1/1/2015. Code is active to date. |
| 80354 | Fentanyl | Effective 1/1/2015 Code is active to date |
| 80355 | Gabapentin, non-blood | Effective 1/1/2015 Code is active to date |
| 80356 | Heroin metabolite | Effective 1/1/2015 Code is active to date |
| 80358 | Methadone | Effective 1/1/2015 Code is active to date |
| 80359 | Methylenedioxyamphetamines (MDA, MDEA, MDMA) | Effective 1/1/2015 Code is active to date |
| 80360 | Methylphenidate | Effective 1/1/2015 Code is active to date |
| 80361 | Opiates, 1 or more | Effective 1/1/2015 Code is active to date |
| 80362 | Opioids and opiate analogs; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80363 | Opioids and opiate analogs; 3 or 4 | Effective 1/1/2015 Code is active to date |
| 80364 | Opioids and opiate analogs; 5 or more | Effective 1/1/2015 Code is active to date |
| 80365 | Oxycodone | Effective 1/1/2015 Code is active to date |
| 80366 | Pregabalin | Effective 1/1/2015 Code is active to date |
| 80367 | Propoxyphene | Effective 1/1/2015 Code is active to date |
| 80368 | Sedative hypnotics (non-benzodiazepines) | Effective 1/1/2015 Code is active to date |
| 80369 | Skeletal muscle relaxants; 1 or 2 | Effective 1/1/2015 Code is active to date |
| 80370 | Skeletal muscle relaxants; 3 or more | Effective 1/1/2015 Code is active to date |

| 80371 | Stimulants, synthetic | Effective 1/1/2015 Code is active to date |
| 80372 | Tapentadol | Effective 1/1/2015 Code is active to date |
| 80373 | Tramadol | Effective 1/1/2015 Code is active to date |
| 80375 | Drug(s) or substance(s), definitive, qualitative, or quantitative, not otherwise specified; 1-3 | Effective 1/1/2015 Code is active to date |
| 81003 | Urinalysis, by dip stick or tablet reagent for bilirubin, glucose, hemoglobin, ketones, leukocytes, nitrite, pH, protein, specific gravity, urobilinogen, any number of these constituents; automated, without microscopy | Effective 2/1/2012 Code is active to date |
| 82570 | Creatinine; other source | Effective 2/1/2012 Code is active to date |
| 83986 | pH; body fluid, not otherwise specified | Effective 2/1/2012 Code is active to date |
| 83992 | Phencyclidine (PCP) | Effective 2/1/2012 Code is active to date |
| 84311 | Spectrophotometry, analyte not elsewhere specified | Effective 2/1/2012 Code is active to date |
| G6058 | Drug confirmation, each procedure | Effective 1/1/2015 Code deleted in 2016 |
| G6056 | Opiate(s), drug and metabolites, each procedure | Effective 1/1/2015 Code deleted in 2016 |
| G6055 | Assay of nicotine | Effective 1/1/2015 code deleted in 2016 |
| G6053 | Assay of methadone | Effective 1/1/2015 Code deleted in 2016 |
| G6044 | Assay of cocaine or metabolite | Effective 1/1/2015 Code deleted in 2016 |
| G6043 | Assay of barbiturates, not elsewhere specified | Effective 1/1/2015 Code ddeleted in 2016 |
| G6042 | Assay of amphetamine or methamphetamine | Effective 1/1/2015 Code deleted in 2016 |
| G6037 | Assay of nortriptyline | Code Effective 1/1/2015 Code deleted in 2016 |
| G6036 | Assay of imipramine | Effective 1/1/2015 Code deleted in 2016 |
| G6034 | Assay of doxepin | Effective 1/1/2015 Code deleted in 2016 |
| G6032 | Assay of desipramine | Effective 1/1/2015 Code deleted in 2016 |

| G6031 | Assay of benzodiazepines | Effective 1/1/2015 Code deleted in 2016 |
|-------|--------------------------|------------------------------------------|
| G0431 | Drug screen, qualitative; multiple drug classes by high complexity test method (e.g., immunoassay, enzyme assay), per patient encounter | Effective prior to 2012. Code deleted in 2016 |
| G0482 | Drug test(s), definitive, utilizing (1) drug identification methods able to identify individual drugs and distinguish between structural isomers (but not necessarily stereoisomers), including, but not limited to, GC/MS (any type, single or tandem) and LC/MS (any type, single or tandem and excluding immunoassays (e.g., IA, EIA, ELISA, EMIT, FPIA) and enzymatic methods (e.g., alcohol dehydrogenase)), (2) stable isotope or other universally recognized internal standards in all samples (e.g., to control for matrix effects, interferences and variations in signal strength), and (3) method or drug-specific calibration and matrix-matched quality control material (e.g., to control for instrument variations and mass spectral drift); qualitative or quantitative, all sources, includes specimen validity testing, per day; 15-21 drug class(es), including metabolite(s) if performed | Effective 1/1/2016 code is active to dater. |
| G6040 | Assay of alcohol (ethanol); any specimen except breath | Effective 1/1/2015 Code deleted in 2016 |
| G6030 | Assay of amitriptyline | Effective 1/1/2015 Code deleted in 2016 |

Please refer to Appendix G which includes pages from the CPT manual validating the CPT code for the time period in which it was reported and the HCPCS manual validating the HCPCS codes for the time period in which it was reported.

In sum, Cigna's denial of claim for the above-listed CPT codes for Denial Reason Code 1648 Invalid Service Code was incorrect and unsubstantiated because the billed CPT codes were valid and correct for the dates of service.

Opinion 3 – Cigna's Flagging and Denial of PB Labs and BioHealth Claims for Denial Reason Code -- 0322 -- Fee Forgiveness Was Incorrect and Unsubstantiated

In my opinion, Cigna's claim line denials for Fee Forgiveness listed on Appendix E are incorrect and unsubstantiated because the Labs met industry standards regarding billing for deductibles, copayments, and co-insurance.

On November 18, 2014, due to a large volume of claims, Ms. Canto, changed the course of the BioHealth investigation: "*I am removing the current prepay edit protocol to request medical records. Prepay edit 1558, in parentheses. The HCP has a significant claim volume, and I will need to consider another course of action on this investigation.*" [26]

Mr. Haney's report accurately depicts the unsubstantiated investigation conducted by Cigna as to PB Labs. PB Labs was flagged for fee forgiveness on or about December 11, 2014. Mr. Haney's report also accurately depicts the unsubstantiated investigation conducted by Cigna as to BioHealth. BioHealth was flagged for fee forgiveness on or about May 22, 2015. Ms. Canto "linked" these cases together, despite different facts and relevant information, on December 10, 2014, after consultation with Cigna's in-house lawyers.[27]

On May 28, 2015 Mr. William M. Welch II sent correspondence to Mr. Dean Viskovich regarding purported fee forgiveness. The letter requires the Labs to, "Whenever BHL submits a claim for medical benefits to Cigna in the future, Cigna will expect BHL to provide Cigna with documentary proof of the Cigna's customer's payment for the medical procedure(s) at issue as required under the Cigna customer's benefit plan. That proof should consist of a credit card receipt, a cancelled check, or some other form of documentation showing that the Cigna customer actually incurred and personally paid the expense, and that BHL did not waive or forgive the Cigna's cost share obligation."

Mr. Welch's request is unreasonable and impractical. Laboratories rarely if ever have the opportunity to encounter patients in person. As such, there is no opportunity to collect the co-payment, deductible or co-insurance at the time of service. Laboratories rely on the ordering

---

[26] Deposition testimony Ms. Stephanie Canto dated February 2, 2023, at 287; *see also* CIGNA19-1326 0302258, Row 145..

[27] CIGNA19-1326 0302256, at Rows 68 and 73; CIGNA19-1326 0302258.

physician and other Qualified Healthcare Professionals or facilities to submit the patient's demographics and insurance information along with the laboratory order and specimen.

If the Labs were to follow Mr. Welch's request, they would have to call Cigna to determine the patient's financial responsibility, then send a bill to the patient for collection prior to processing the specimen. For patients with additional laboratory services, a follow-up call on the original claim submitted by the lab would have to be made. In these cases Cigna may not have adjudicated the previous claim resulting in an incorrect amount of patient cost sharing or Cigna may not provide claim status to out of network providers.

Moreover, to the extent that Cigna attempts to impose a post-service pre-adjudication collection obligation on the Labs, such a request is equally untenable. Laboratories cannot determine the amount of a co-pay, deductible, or co-insurance without an explanation of medical benefit that calculates the amount of the co-pay, deductible, or co-insurance. Cigna denied the claims by the Labs and then required the Labs to show proof of payment for the co-pay, deductible, or co-insurance that was not calculated by Cigna. Without Cigna's explanation of medical benefits, a provider cannot determine the co-pay, deductible, or co-insurance, and therefore a provider cannot bill for such a co-pay, deductible, or co-insurance. Mr. Welch's request was an impossible barrier that was imposed on the Labs.

Cigna did not provide or reference a Cigna policy for Fee Forgiveness. Therefore, this report references the industry standard for fee forgiveness provided by the Office of Inspector General (OIG)

The Office of Inspector General requires "*a good faith effort to collect deductibles and copayments must be made.*"[28]

---

[28] DEPARTMENT OF HEALTH AND HUMAN SERVICES, Publication of OIG Special Fraud Alerts, Federal Register, December 1994.

BioHealth submitted statements to patients for deductibles, copayments, and co-insurance, through their billing company Medical Billing Choices, and ARC on a routine basis.[29] This fact that the Labs billed patients for deductibles, copayments and co-insurance was confirmed during multiple depositions and in the Labs written discovery responses.[30]

| Patient Initials | Laboratory | Date of Statement |
|---|---|---|
| RT | BioHealth | 2/27/2015 |
| JV | PB Labs | 12/15/2014 |
| SD | PB Labs | 2/13/2015 |

**Opinion 4** – Cigna's Flagging and Denial of PB Labs Claims for Denial Code Reason 0369 Services Not Performed Was Incorrect and Unsubstantiated

In my opinion, Cigna's denial of claims for Denial Code Reason 0369 Services Not Performed listed on Appendix F was incorrect and unsubstantiated because documentation in the laboratory reports support the billed services.

In approximately the summer of 2013, Cigna's Special Investigation Unit (SIU) requested a sample of twenty (20) claims and the supporting documentation for drug testing services from PB Labs.

A Cigna Medical Director reviewed ten (10) of the twenty (20) claims selected for the review. As a result of the review, Cigna's SIU department flagged all future claims after September 26, 2013 with denial reason 0369 Services Not Performed relating to CPT Code 80299 Quantitation of drug not elsewhere specified.

On March 7, 2014, Mr. M. Welch II Associate Chief Counsel for Cigna sent a letter to Mr. Michael P. Gennett, Esq. (counsel for PB Labs) which stated the following:

---

[29] LABS00492996, LABS00493007, LABS00493062, LABS00493102, LABS00493213, LABS00497047.
[30] Deposition testimony of Mr. Seamus Lagan dated January 30, 2023 at 74-76; Deposition testimony of Mr. Michael Nicholson dated December 13, 2022 at 141-144, 157-165; *see also* Defendants' Objections and Answers to Plaintiffs' First Set of Interrogatories dated June 12, 2020, Answer to Interrogatory No. 4.

"*A review of your client's claims revealed significant issues with the codes being billed. In summary, it appears that your client, rather than doing the initial screening tests for various substances, bills for the confirmatory or quantitative testing of certain substances. This is neither appropriate nor medically necessary*."
Cigna19-1326 0289948.

On December 30, 2014, Ms. Stephanie Canto's Report of Investigation summarizes the findings of the investigator and medical director. The report's findings included, "It is noteworthy that of the ten (10) charts examined NONE had a positive quantitative test and ALL had multiple substances tested."[31]

Many of the twenty (20) claims Cigna selected for review, included positive findings prior to the performance of the quantitative testing. For example, patient KC, date of service 01/31/2013, tested positive for benzodiazepines, buprenorphine, gabapentin, and opiates.[32] Patient MZ, date of service 3/1/2013, tested positive for benzodiazepines and opiates.[33] Patient TH, date of service 02/23/2013, tested positive for gabapentin and opiates.[34] Patient JP, date of service 01/04/2013, tested positive for antidepressants, benzodiazepines, buprenorphine, and gabapentin.[35]

In total seventeen (17) of the twenty (20) patients in Dr. Nicoll's review tested positive for one or more drugs.

From a coding perspective it is important to note the services took place in 2013-2014 prior to the change in coding for drug testing in 2015. Guidance from the CPT Assistant, Definitive vs Presumptive: The New Qualitative/Quantitative Designation for Drug Identification and Testing, explains the previous drug testing system prior to the changes in 2015.[36]

---

[31] AMENDED_CIGNA19-1326 0291072.
[32] CIGNA19-1326 0307522.
[33] CIGNA19-1326 0303678.
[34] CIGNA19-1326 0304170.
[35] CIGNA19-1326 0306397.
[36] CPT Assistant April 2015, Volume 25 Issue 4 Definitive vs Presumptive: The New Qualitative/Quantitative Designation for Drug Identification and Testing, The CPT Assistant is written by the American Medical Association and provides information and clarification and clarification regarding proper CPT usage.

Prior to 2015, "The appropriate code(s) to report was based on the type of procedure(s) performed. In reality, the qualitative tests could test negative when the drug was actually present but below the limits of detection (false negative) as well as false positive when there was a cross reaction with another compound with similar properties (false positives). The quantitative tests not only identified the concentration of the drug in the sample but also used lab techniques that uniquely identified the drug reported. For these reasons, it was determined that the terms, "presumptive" and "definitive" (rather than "qualitative" and "quantitative") more accurately reflected the codes to be reported."

Additionally, I also reviewed laboratory reports from claims denied for 0369 "*the supporting documentation did not match the claim*" and concluded the documentation supported the CPT codes billed.

For example, laboratory tests with CPT codes 82145, 82205, 80154, and 83992 for patient initials KK, date of service 3/7/2014 were all denied as "*the supporting documentation does not match the claim*".[37] The corresponding laboratory report, however, included test results to support the testing of amphetamines class (CPT 82145), Amphetamine or methamphetamine, Barbiturates (CPT 82205), Benzodiazepines (CPT 80154) and Phencyclidine (PCP) (CPT 83992).[38]

**In Conclusion**

| Lab | Denial Reason | No. of Unique Claims | Charged Amount |
|---|---|---|---|
| BioHealth | 0322 – Fee Forgiveness | 3,896 | $5,380,209 |
| BioHealth | 1698 - Unlisted Code | 861 | $948,661 |
| BioHealth | 1648 - Invalid Service code | 168 | $255,279 |
| PB Labs | 0369 - Services Not Performed | 5,490 | $8,776,459 |
| PB Labs | 0322 - Fee Forgiveness | 718 | $1,244,124 |
| PB Labs | 1698 - Unlisted Code | 923 | $666,672 |
| Epic | 1648 - Invalid Service Code | 2,164 | $2,036,385 |
| Epic | 1698 - Unlisted Code | 2,415 | $1,119,787 |

**Name and Signature**
Jacqueline Thelian

*Jacqueline Thelian*

[37] LABS00473145.
[38] LABS01046249.

22

Appendix B



**MEDCO**
CONSULTANTS, INC.

# JACQUELINE THELIAN CPC, CPC-I, CHCA, CPMA



Mrs. Jacqueline Thelian is a Healthcare Consultant, Certified Professional Coder & Auditor, Subject Matter Expert and sought after educator and Author with over thirty years' experience in medical coding and business management. Her extensive experience includes physician practice management, coding/billing compliance and reimbursement issues and she has taught extensively in Academic Medical Centers, The Chubb Institute, Hospitals, private physician practices and has conducted a variety of seminars for numerous Medical Societies.

She is also a AAPC Certified PMCC instructor for the PMCC (Professional Medical Coding Curriculum) Coding Certification Prep Course, and a Certified ICD-10 Expert Trainer. Her articles on clinical coding issues have been published in many popular healthcare publications.

# APPLICABLE EXPERIENCE

Mrs. Thelian is frequently contracted by many of the major Healthcare Law Firms for clients under Corporate Integrity Agreements (CIA's). In this capacity Mrs. Thelian is the Independent Review Organization (IRO) performing chart reviews following the Office of Inspector General's (OIG) guidelines and working with the law firm, client and government officials on the case. She provides healthcare program monitoring for physicians who require monitoring by the Department of Health (DOH) and/or IPRO (a national organization providing a full spectrum of healthcare assessment and improvement services).

Mrs. Thelian also provides education to facilities and providers who are under CIA's (Corporate Integrity Agreements). Working in concert with major Healthcare Law Firms on various cases, Mrs. Thelian has provided expert testimony on behalf of many physicians/providers both at Medicare Hearings and for the Office of Professional Medical Conduct (OPMC). In several cases Administrative Law Judges (ALJ's) have based their decisions/rulings on Mrs. Thelian's detailed unbiased reports and testimony, which ultimately resulted in favorable outcomes for the physician/provider.

Mrs. Thelian has developed curriculum for numerous specialty and facility topics. She has been a key presenter and a didactic author for the past several years for major Healthcare Facilities of New York City and the Tri-State area. In this capacity, Mrs. Thelian has developed training materials related to subjects such as ICD-10 , Appropriate Designation of Evaluation and Management Level of Service, the accurate usage of modifiers, specialty seminars for Pediatrics, Internal Medicine, Family Practice, OB-GYN, Psychiatry, Emergency Medicine, Physical Therapy, and General Surgery. Mrs. Thelian is a requested speaker for third party billing companies, physician organizations and National & Local Healthcare Associations.

In addition, Mrs. Thelian has extensive experience in operational issues related to Medicare and Medicaid billing and reimbursement. She has performed an extensive amount of documentation audits and CMS 1500 claim reviews for New York Law firms, Accounting firms, Leading Healthcare Facilities, Clinics and private physician practices. She has also authored the book "Coding Exam Success" by publisher FA Davis.

# CERTIFICATIONS / ENDORSEMENTS

**CPC**- Certified Professional Coder – Credentialed by the AAPC

**CPC-I** - Certified PMCC Course Instructor- AAPC credentialed. Medco's enhanced PMCC course curriculum helps prepare individuals for the National CPC (AAPC) and CCS-P (AHIMA) exams. We also proctor the CPC exams

**CHCA** - (Certified Healthcare Chart Auditor) - Credentialed by the AHCAE (Association of Health Care Auditors & Educators.

**CPMA** - Certified Professional Medical Auditor – Credentialed by the AAPC

**M/WBE** – Certified by NYC as a WBE (Women's' Business Enterprise) to offer professional healthcare consulting services and products to City, agencies.

**MSSNY** – Endorsement by the Medical Society of the State of New York as a preferred provider for coding consulting services offering significant benefits to their members.

Jacqueline Thelian, CPC, CPC-I, CHCA, CPMA
Articles & Published Books

| Article | Publication | Date |
|---------|-------------|------|
| 1999 CPT Has More Than 500 Changes | NY Hospital & Health News | January 1999 |
| Requirements and Completion of Certificates of Medical Necessity | NY Hospital & Health News | May 1999, Volume 11, No. 5 |
| Understanding Basics of APC's | NY Hospital & Health News | July 2000 |
| Understanding Basics of APC's | HFMA Newscast | September 2000- November 2000, Volume 34, Number 2 |
| Two Years of Changes to ICD-9-CM 2001 Codes | NY Hospital & Health News | November 2000 |
| Two Years of Changes to ICD-9-CM 2001 Codes | Medical Office Management | January/ February 2001, Volume 14, Number 1 |
| Medicare's New Smoking Cessation Codes | AAPC Coding Edge | August 2005, Volume VII, Issue VIII |
| Audits are Here, Are You Ready? | Hospital Newspaper | March 2007 |
| Mandatory Use of the New CMS-1500 Form Is Around the Corner — Will You Be Ready? | AAPC Edge Blast: The Bi-weekly "Edge" in Coding (Electronic News) | May 2007 |
| New CMS- 1500: Are you Ready? | Advance for Health Information Professionals | June 1, 2007 http://health-information.advanceweb.com/Article/New-CMS-1500-Are-You-Ready.aspx |
| 5 Minutes with… Jackie Thelian | BC Advantage | January 2009 |
| CMS Changes Medicare Enrollment Rules- How will This Impact Your Practice | BC Advantage | May 2009 |
| Does Multiple Surgery Rule Apply to Non-Pars? | Jennifer Kirschenbaum, Esq.- Healthcare Newsletter (electronic) | February 11, 2010 |
| ICD-10 The Time to Prepare is Now | Healthcare Wealthcare: Radio Blog About Wealth & Practice Management for Doctors | 4/16/2010 |
| ICD-10 The Time to Prepare is Now | BC Advantage | July 2010 |
| ICD-10 The Time to | Managing Health Today | September 2010, Volume 15, Issue 2 |

| Prepare is Now | | |
|---|---|---|
| ICD-10 The Time to Prepare is Now | Practice Support Resources, Inc. | http://www.practicesupport.com/ICD%2010%20 Time%20to%20Prepare.pdf |
| Conforming Your Documentation to ICD-10-CM | For The Records (E-News Exclusive) | http://www.fortherecordmag.com/news/ enews_0311_01.shtml |
| Coding Exam Success: Coder's Guide to Passing the CPC and CCS Exams | F.AS. Davis Company | Copyright © 2012 |
| Potential CMS Extension for E-Rx Exemptions | ADVANCE for Health Information Professionals- HIM Insider: Blogs | http://community.advanceweb.com/blogs/xi_ 1/default.aspx 7/12/11 |
| Potential CMS Extension for E-Rx Exemptions | BC Advantage | August/ September 2011, Issue 6.5 |
| Transitional Care Management Services: What you Need to Know | BC Advantage | April/May 2013 Issue 8.3 |
| Transitional Care Management Services: Everything You Need to Know | The Journal of Practice Management | May/June 2013 Issue |
| The Changing Face of Healthcare | The Journal of Practice Management | March/April 2016 |
| Indefatigable RACs Plow Ahead | For the Record | September 2017 |
| Medco Tip (Hearing Exams) | BC Advantage Magazine | January/February 2018 |
| Denial Reasons You Never saw Coming | For the Record | September 2019 |
| CPT Test Taking Strategies | For the Record | November 2020 |

| Client's Name | Index# | County | Facts of the Case |
|---|---|---|---|
| Dr. Ilya Burshteyn, M.D. | ALJ- 1-56366698 | Nassau | Overpayment demand for Physical Therapy Services |
| **Testimony: Decision Partially Favorable** | | | |
| I & R Medical PC | ALJ-2008282463 | The hearing was in Nassau County | Overpayment demand for inappropriately coding for Physical therapy and chiropractic services. |
| **Testimony: The ALJ agreed with my findings with the exception of very few cases, CMS is appealing the ALJs decision.** | | | |
| DAC Physical Medicine, P.C. | ALJ-1-1144403663 | The hearing was in Queens | Overpayment demand for Physical therapy and E/M visits. |
| **Testimony: Documentation did support all the services provided. The ALJ agreed. Favorable decision.** | | | |
| Venkateswararao Violet MD | ALJ-1-863340051 | The hearing was in Nassau County | Overpayment demand for Split shared visits. Failure to provide documentation. |
| **Testimony: The missing documentation was due to an ACT of God (flooding in the facility destroyed the records) In other cases the documentation supported the services. Decision Partially Favorable** | | | |
| Maria-Lucia Anguel MD | OPMC Case BPMC 09-132 | The hearing was in Manhattan | Charges: 25 counts of misconduct. |
| **Testimony: I testified where applicable to the doctor's documentation and coding in cases where it was supported.** | | | |
| Martin Grajower | Not sure this was a while ago | Not sure | Overpayment for inappropriate coding for E/M and glucose testing. |
| **Testimony: Documentation supported the service billed. Decision: Favorable** | | | |
| Diamond Medical / Delys St. Hill MD | OPMC Case | The hearing was in Manhattan | Inappropriately reporting medical services |
| **Testimony: Documentation supported the services billed in some cases lower levels of E/M than reported however the E/M was documented was not unbundled from any other services provided.** | | | |
| Dr. Gene Meisenberg | ALJ-1-1281986383 | Not Sure, the hearing was in Nassau County | Overpayment demand for inappropriately coding for urology services |
| **Testimony: In some cases, the documentation did support the services Billed. Outcome of case: Still pending** | | | |
| Dr. Barry Solomon | ALJ 1-258451311 | Nassau County | Overpayment demand for inappropriately coding for dermatology services |
| **Testimony: For cases which were supported by the documentation Decision: Partially favorable.** | | | |
| Dr. Joseph Pober | OPMC Case | Manhattan 9/25/18 | Utilization of incorrect CPT code 5570 Dermatology should have used complex closures |
| **Testimony: Documentation supported a flap reconstruction. However, the documentation was not sufficient to clearly determine if it supported the 14000 series or 15570 series. Decision: Pending** | | | |

| Provider | ALJ / Appeal # | Location | Service |
|---|---|---|---|
| Dr. Rammy Hanna | ALJ | Nassau County | Physical Therapy Services |
| Testimony: Claims were denied for no Plan of Care and lack of medical necessity. Testimony included plans of care were valid as the patient was seen for PT and by the doctor on the same day in the same office and documentation of PT services was in the patient chart when the doctor saw the patient. Medical necessity was not specifically stated on the line by line determination. STAUS: Pending | | | |
| Dr. Eduard Zinger | ALJ 3-2901300408 | Nassau County | Home Visits and Care Plan Oversight |
| Testimony: Claims were denied for inappropriate use of modifier 25 for E/M & CPO, Insufficient documentation to support the level of E/M service and insufficient documentation to support CPO. Decision: Partially Favorable & Extrapolation deemed invalid. | | | |
| Soundside Physical Therapy | ALJ – 3-3729024090 | Nassau County | Physical Therapy & Occupational Therapy |
| Testimony: Claims were denied for lack of skilled therapy and unsigned plans of care. | | | |
| Pain Physicians | ALJ | Nassau County | Pain Medicine, Chiropractic & Physical Therapy Services |
| Testimony: Claims were denied for lack of medical necessity and cloned documentation. Decision: Extrapolation deemed invalid. Overturned | | | |
| Mowafak Hussain / Logy Healthcare PT PC | ALJ – 3-4720836422 | Nassau County | Physical Therapy Services |
| Testimony: Claims were denied for lack of skilled therapy and the Ordering MD differed from the MD who signed the POC. | | | |
| Extensive Care PT PC | ALJ –1-3008447986 | Nassau County | Physical Therapy Services |
| Testimony: Decision: Mostly Favorable. | | | |
| Health Pro OT, PC Lyubov Servakh | Appeal# 3-5174262760 | Nassau County | Occupational Therapy Services |
| Testimony: Claims were denied for No signed POC, Insufficient documentation, no skilled therapy. Decision: Unfavorable | | | |
| Wellness in Motion | Appeal# 1-9433338222 | Nassau County | Occupational Therapy Services |
| Testimony: Claims were denied for no prior therapy, No specific HEP, No individualized co-morbidities, medication. Decision: pending | | | |
| Heart & Vein NYC | Appeal# 1-5542192734 | Manhattan | Vascular Procedures & Diagnostic testing |
| Testimony: Claims were denied for lack of medical necessity . Partially Favorable | | | |
| Melvin Murphy MD | Appeal# 3-3305710285 | Detroit, MI | Internal Medicine |
| Testimony: Claims were denied for lack of medical necessity, signature issues and missing notes – Pending | | | |
| Sergio Sokol MD | Appeal# 1-8481283184 | Nassau County | Cardiovascular Diagnostic Testing |
| Testimony: Claims were denied for lack of medical necessity, missing credentials and missing notes - Pending | | | |
| Ortho-Step | Appeal# 3-5953187824 | Nassau County | DME – Diabetic Shoes |
| Testimony: Insufficient documentation DME- Pending | | | |
| Century Medical & Dental | Appeal# 3-8593332308 | Nassau County | OMT, E/M Psychotherapy and Podiatry Issues |

| Testimony: Supporting a percentage of E/M and OMT regarding areas treated – Pending Status | |
| --- | --- |
| Deposition | 9/12/22 |
| Testimony: Deposition testimony New England Motor Freight | |

There were two other cases for whom I cannot remember

1. Additional case for DAC Physical Medicine it was also for physical therapy services. The was also a favorable decision
2. There was a pain management physician I do not remember the providers name as this goes back quite a few years
3. Dermatologist a few years ago Dr Barry Solomon