# EXHIBIT 33

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, and EPIC REFERENCE LABS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01324<br><br>Hon. Janet C. Hall<br><br><br>February 1, 2023 |

**CIGNA'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, AND EPIC REFERENCE LABS, INC.'S INTERROGATORY NOS. 16-19**

Pursuant to Rules 26, and 33 of the Federal Rules of Civil Procedure Plaintiffs Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company, (collectively, "Cigna") hereby provide supplemental responses to Interrogatory Nos. 16-19, of the Labs' Third Set of Interrogatories (the "Interrogatories,") to Cigna pursuant to the agreement of the parties.

**GENERAL OBJECTIONS**

The following General Objections apply to, and are incorporated by reference in, each response to the Labs' Interrogatories to Cigna as if fully set forth therein. Cigna's specific objections to each Interrogatory are not intended to preclude, override, or withdraw any of the General Objections to that Interrogatory.

1. Cigna objects to the Interrogatories to the extent the Interrogatories seek or purport to seek information subject to the attorney-client privilege, the work-product doctrine, or any other

1

privilege or protection recognized by law. Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work product protection, joint defense privilege, or any other applicable privilege or doctrine.

2. Cigna objects to the Interrogatories to the extent that they seek information containing confidential, commercially sensitive, competitively significant, proprietary, or trade secret materials, or personal information relating to Cigna, its affiliates, employees and/or clients, customers or counterparties, or information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings. Any such information that is responsive, non-privileged, and otherwise non-objectionable will be produced.

3. Cigna objects generally to the Interrogatories to the extent they seek information that is not within Cigna's knowledge, possession, custody, or control.

4. Cigna's investigation into the matters inquired about in the Interrogatories is continuing. Cigna's responses to the Interrogatories are based on information that is currently and reasonably known to Cigna. Cigna reserves the right to amend, modify, and supplement these responses and to produce and introduce at trial additional responsive information that may be discovered in the future.

### RESPONSES TO SPECIFIC INTERROGATORIES

**Interrogatory No. 16**. Describe in detail all policies, procedures and practices for providing explanations of benefits and explanations of payments to out-of-network providers, including all policies, procedures and practices for withholding explanations of benefits and explanations of payments to out-of-network providers.

**ANSWER:** Subject to its objections, Cigna states that during the relevant time period, Cigna's general practice was that any claim that Cigna properly received from an out-of-network

provider was adjudicated via an automated system. Once a claim is adjudicated, the claims system would generate an explanation of payment that would be mailed to the out-of-network provider that submitted to the claim at the address the provider provided to Cigna. In general, Cigna did not provide explanation of benefits to out-of-network providers; explanation of benefits were provided to patients.

**SUPPLEMENTAL ANSWER:** Subject to its objections, Cigna states that during the relevant time period, Cigna's general practice was that any claim that Cigna properly received from an out-of-network provider was adjudicated via an automated system. Once a claim is adjudicated, the claims system would generate an explanation of payment that would either be mailed to the out-of-network provider that submitted to the claim at the address the provider provided to Cigna or available to the provider electronically through an electronic portal. In general, Cigna did not provide explanation of benefits to out-of-network providers; explanation of benefits were provided to patients.

**Interrogatory No. 17**.   For every invoice or other payment claim on Cigna's Exhibits that you contend was for medically unnecessary services, state every fact to support your allegation that each service was medically unnecessary.

**ANSWER:** Cigna objects to this Interrogatory as not proportionate to the needs of the case to the extent it requires Cigna to provide "every fact" to support its allegation that "each service" at issue was medically unnecessary for 732,903 individual claims and line-level charges. Cigna continues to believe that extremely burdensome requests like this one are more appropriately addressed through the use of representative sampling.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving its objections set forth above, Cigna states that, based on its investigation to date and without the benefit of expert

3

discovery, the drug testing services for which the Labs billed Cigna were not medically necessary because the tests were authorized only by standing orders that applied systematically to numerous patients over a long period of time rather than by an individual determination by a physician based on the medical need of the individual patient. Furthermore, the tests were performed too frequently to allow for a meaningful use of the tests in medical decision-making. In addition, the Labs repeatedly billed Cigna for expensive quantitative tests following a qualitative test with no positive result and no medical reason to perform a quantitative test. The Labs also utilized excessive quantitative tests across a broad panel of drugs without any medical need to test each one of those drugs for the individual patient. Finally, the Labs billed for tests that were not ordered by any licensed physician.

**Interrogatory No. 18**.   For each invoice or other payment claim on Cigna's Exhibits that you contend was denied, or should have been denied, for alleged fee forgiveness, state every fact to support your contention that each such invoice or other payment claim was denied, or should have been denied, for alleged fee forgiveness.

**ANSWER:**  Cigna objects to this Interrogatory as not proportionate to the needs of the case to the extent it requires Cigna to provide "every fact" to support its allegation that "each such service or other payment claim was denied, or should have been denied" for alleged fee forgiveness for 732,903 individual claims and line-level charges.  Cigna continues to believe that extremely burdensome requests like this one are more appropriately addressed through the use of representative sampling.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving its objections set forth above, Cigna states that, the plans and policies that Cigna insures and/or administers exclude from coverage any charges for which the provider does not collect from the patient the patient's portion

4

of the provider's billed charges. In other words, if a provider does not collect from a Cigna customer the customer's portion of the provider's charges, no part of the provider's billed charge is covered under the applicable plan or policy. For any claim for reimbursement the Labs submitted to Cigna where the patient has a deductible or coinsurance obligation, the Labs were required to collect the applicable deductible, coinsurance, and the balance of the Labs' billed charges after deducting the amount the patient's plan paid. For any claim for reimbursement the Labs submitted to Cigna where the patient has no deductible or coinsurance, the Labs were required to collect from the patient the balance of the Labs' billed charges after deducting the amount the patient's plan paid.

**Interrogatory No. 19**.    For each invoice or other payment claim on Cigna's Exhibits that you contend was denied, or should have been denied, for alleged unbundling, state every fact to support your contention that each such invoice or other payment claim was denied, or should have been denied, for alleged unbundling.

**ANSWER:** Cigna objects to this Interrogatory as not proportionate to the needs of the case to the extent it requires Cigna to provide "every fact" to support its allegation that "each such invoice or other payment claim" was denied, or should have been denied, for alleged unbundling for 732,903 individual claims and line-level charges. Cigna continues to believe that extremely burdensome requests like this one are more appropriately addressed through the use of representative sampling.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving its objections set forth above, Cigna states that the Labs improperly unbundled the following codes in claims for reimbursement to Cigna during the time period at issue:

| Unbundled Codes | Proper Code |
|---|---|
| 83986, 81003 | 81003 |

5

| G0480; G0481: G0482; G0483 | Only one code can billed |
| --- | --- |
| 82570 in addition to any code for presumptive testing | Code for drug screen only |

Dated: February 1, 2023  **ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
Edward T. Kang (No. CT26653)
Emily S. Costin (admitted *pro hac vice*)
950 F Street, NW
Washington, D.C. 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
edward.kang@alston.com
emily.costin@alston.com

Kelsey L. Kingsbery (admitted *pro hac vice*)
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Telephone: (919) 862-2200
Facsimile: (919) 862-2260
kelsey.kingsbery@alston.com

*Counsel for Cigna*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> BIOHEALTH MEDICAL LABORATORIES, INC., PB LABORATORIES, LLC, EPIC REFERENCE LABS, INC., and EPINEX DIAGNOSTICS, INC., <br><br> Defendants. | Case No. 3:19-cv-01324-JCH <br><br> Hon. Janet C. Hall <br><br> January 26, 2023 |

## CIGNA'S VERIFICATION OF OBJECTIONS AND SUPPLEMENTAL RESPONSES TO BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, AND EPIC REFERENCE LABS, INC.'S INTERROGATORY NOS. 16-19

I, Michael Goldfarb, am a Director, Special Investigations Unit, at Cigna Health and Life Insurance Company. I have read Cigna's Objections and Supplemental Responses to BioHealth Laboratories, Inc., PB Laboratories, LLC, and Epic Reference Labs, Inc.'s Interrogatory Numbers 16, 17, 18, and 19. On behalf of Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company, I am authorized to verify these responses. I verify that the responsive portions are true and correct to the best of my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

1/25/2023
Dated

*Michael Goldfarb*
Michael Goldfarb
Director, Cigna SIU

**CERTIFICATE OF SERVICE**

This is to certify that this day, February 1, 2023, I served the foregoing CIGNA'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, AND EPIC REFERENCE LABS, INC.'S INTERROGATORY NOS. 16-19, via email, upon the following attorneys of record:

>SCOTT M. HARE
>ANTHONY THOMAS GESTRICH
>WHITEFORD, TAYLOR & PRESTON, LLP
>11 Stanwix Street, Suite 1400
>Pittsburgh, PA 15222
>E-mail: share@wtplaw.com
>E-mail: agestrich@wtplaw.com
>
>Fred Alan Cunningham
>Matthew Christ
>Domnick Cunningham & Yaffa
>2401 PGA Boulevard, #140
>Palm Beach Gardens, FL 33410
>Email: fred@pbglaw.com
>Email: mtc@pbglaw.com
>
>John J. Radshaw , III
>65 Trumbull Street, 2d Fl.
>New Haven, CT 06510
>Email: jjr@jjr-esq.com

*Counsel for the Labs*

**ALSTON & BIRD LLP**

*/s/ Edward T. Kang*
EDWARD T. KANG (No. CT26653)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3300
Facsimile: 202-239-3333
E-mail: edward.kang@alston.com

*Counsel for Cigna*