UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BIOHEALTH MEDICAL LABORATORIES, INC., PB LABORATORIES, LLC, and EPIC REFERENCE LABS, INC.,<br><br>Defendants. | Case No. 3:19-cv-01324-JCH<br><br>Hon. Janet C. Hall<br><br>July 14, 2023 |

## AFFIDAVIT OF MICHAEL D. GOLDFARB

I, Michael Goldfarb, state under penalty of perjury as follows:

1. I am over the age of majority and suffer from no legal infirmities. Unless otherwise indicated, the statements made herein are based on my own personal knowledge.

2. I am a Director in Cigna's Special Investigations Unit.

3. As part of my role at Cigna, I am familiar with the services that Cigna provides and the contracts that Cigna enters into with health-care providers regarding reimbursement for covered services.

4. I am also familiar with Cigna's claims adjudication systems and data.

**A.   Cigna's plans and network of participating providers**

5. Cigna is a managed care company that, among other things, insures and/or administers group employee health and welfare benefit plans (the "Cigna Group Plans") and individual insurance policies (the "Cigna Individual Policies").

6. Most of the Cigna Group Plans are group benefit plans sponsored by private employers.

7. Other Cigna Group Plans provide benefits to government employees (city, county, and state), church employees, and employees of non-profit organizations.

8. In addition, Cigna offers the Cigna Individual Policies for individuals and families that can be purchased on the private market.

9. Cigna controls health-care costs for its members by, in part, entering into agreements with health-care providers that establish fixed rates for health-care services.

10. In exchange for accepting fixed rates, these "participating" providers (also referred to as "in-network" providers) gain access to members of the Cigna Group Plans and Individual Policies as a source of patients.

11. As part of the agreement, participating providers agree not to bill members for the difference between the agreed-upon rates and the provider's billed charges.

12. Moreover, the Cigna Group Plans and Individual Policies generally require members to pay less in "cost-share" obligations (e.g., co-payments, co-insurance, and deductibles) when the member uses a participating provider as opposed to a non-participating provider.

13. Non-participating providers, by contrast, have no agreement with Cigna regarding rates for health-care services. Instead, non-participating providers can charge and bill Cigna and the Cigna Plan members at rates that the providers set independently.

14. Coverage and reimbursement for services rendered by non-participating providers is determined by the terms of the Cigna Group Plans and Individual Policies.

**B.     The practice of fee forgiving.**

15.     "Fee forgiving" occurs when an out-of-network provider does not obligate a member to pay its full billed charges and/or when such provider fails to bill, waives, reduces or "forgives" the member from having to pay any portion of the member's required deductible, coinsurance and/or "balance bill" amounts (i.e., any portion of the billed charges that exceed the Allowable amount set forth in the member's health-benefit plan).

16.     The practice of fee forgiving destroys incentives to seek in-network providers and, ultimately, drives up medical costs for plans, which the plans must then pass on to members in the form of higher premiums and/or reduced benefits.

17.     To combat providers from engaging in fee forgiving, Cigna Group Plans and Individual Policies include language that excludes coverage when a health-care provider does not obligate members to pay their required portion of the full amount of charges submitted to Cigna (*i.e.*, the patient's cost-share obligation).

18.     The Cigna Group Plans and Individual Policies at issue in this lawsuit all contain the same or substantially similar language: "In addition to any other exclusions and limitations described in this Policy, there are no benefits provided for . . . Services for which You have no legal obligation to pay or for which no charge would be made if You did not have health plan or insurance coverage."

19.     Accordingly, if a non-participating provider does not attempt to collect the required deductible or co-insurance from the member or fails to hold the member responsible for the difference between the insurance allowable and the provider's billed charge, there is no coverage, and therefore, the provider is not entitled to reimbursement under the Cigna Group Plan and Individual Policy.

**C.     Cigna's claim data**

20.    I understand that Cigna produced certain claim-level and line-level spreadsheets reflecting claim data related to claims for reimbursement submitted by the Labs. *See* CIGNA19-1326 0007530 – CIGNA19-1326 0007531, CIGNA19-1326 0007533, CIGNA19-1326 0007979 – CIGNA19-1326 0007981, CIGNA19-1326 0007983.

21.    In 2014, for just a single patient, BioHealth billed Cigna $341,947 over the course of just three months solely for urine drug testing.

22.    On the foregoing files, the following meanings apply:

   a.    "Situs Ste Code" refers to the state where the policy is issued.

   b.    "Funding Arrangement Type" indicates the type of funding that applies to the customer's health plan. Where the value in this field reflects "ASO," the plan is self-funded and not insured by Cigna.

   c.    "Account Name" refers to the subscriber's Cigna account name.

   d.    "Claim Date Received" refers to the date on which the claim was received within the source claim system.

   e.    "Date Paid" refers to the date the claim line was processed.

   f.    "ERISA IND" indicates if ERISA applies to the ASO coverage on the account.

   g.    "Service Code" indicates the procedure code as indicated by the provider.

   h.    "Date of Service" indicates the date the services were rendered as indicated by the provider.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of July, 2023.

*Michael Goldfarb*
Michael D. Goldfarb

Sworn to me before this

 17th  day of July, 2023.

Sara J. Goldfarb
Commissioner of the Court – State of Connecticut