# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| EPIC REFERENCE LABS, INC., BIOHEALTH MEDICAL LABORATORY, INC., and PB LABORATORIES, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY,<br><br>*Defendants*. | Civil Action<br><br>No. 3:19 CV 1326 (SRU) (SALM)<br><br><br><br><br><br>SEPTEMBER 30, 2021 |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS**

Plaintiffs EPIC REFERENCE LABORATORIES, INC., BIOHEALTH MEDICAL LABORATORY, INC. and PB LABORATORIES, LLC, through their undersigned counsel, hereby direct the Defendants CIGNA HEALTH AND LIFE INSURANCE COMPANY and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure, to answer each Interrogatory, Request for Production of Documents and Request for Admissions below within thirty (30) days hereof at the offices of Plaintiffs' counsel specified below. In responding to this request, you, as hereinafter defined, shall please utilize the definitions and follow the instructions hereinafter set forth, each of which shall be deemed to be a material part of each request. These requests are continuing in nature, and the responses hereto shall be timely supplemented in accordance with the Federal Rules of Civil Procedure.

Each of these requests shall be answered individually by each Defendant.

## I. DEFINITIONS

1. "You," "your" or "Defendant" shall mean the individual party in the above-captioned civil action responding to these Interrogatories, Request for Production of Documents and Request for Admissions, as well as its predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, shareholders, partners, directors, owners, officers, employees, agents, attorneys, accountants, consultants, servants, independent contractors, representatives, and any other individual or entity associated or affiliated with it or purporting to act on its behalf with respect to the matter in question.

2. "Plaintiff Epic Reference Laboratories, Inc." shall mean Epic Reference Laboratories, Inc., as well as its predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, shareholders, partners, directors, owners, officers, employees, agents, attorneys, accountants, consultants, servants, independent contractors, representatives, and any other individual or entity associated or affiliated with it or purporting to act on its behalf with respect to the matter in question.

3. "Plaintiff BioHealth Medical Laboratory, Inc." shall mean BioHealth Medical Laboratory, Inc., as well as its predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, shareholders, partners, directors, owners, officers, employees, agents, attorneys, accountants, consultants, servants, independent contractors, representatives, and any other individual or entity associated or affiliated with it or purporting to act on its behalf with respect to the matter in question.

4. "Plaintiff PB Laboratories, LLC" shall mean PB Laboratories, LLC, as well as its predecessors, successors, parents, subsidiaries, affiliates, assigns, joint venturers, shareholders, partners, directors, owners, officers, employees, agents, attorneys,

accountants, consultants, servants, independent contractors, representatives, and any other individual or entity associated or affiliated with it or purporting to act on its behalf with respect to the matter in question.

4. "<u>Plaintiffs</u>" shall mean Plaintiff Epic Reference Laboratories, Inc., Plaintiff BioHealth Medical Laboratory, Inc., and Plaintiff PB Laboratories, LLC.

5. The word "<u>Document</u>" as used herein shall be understood to mean, without limitation, all written, graphic, or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of you, your officers, agents, employees and attorneys, or any of them, including but not limited to originals and all copies of correspondence, audio, video, or other tapes, disks, microfilms, photographs, telegrams, notes, sound recordings, minutes of director's meetings and of committee meetings, minutes of all other types of meetings, memoranda of all types, inter-office communications, reports, contracts, licenses, agreements, ledgers, books of account, spreadsheets, vouchers, bank checks, invoices, purchase orders, charge slips, hotel charges, copies of tax returns and tax reports, receipts, freight bills, working papers, computer disks, tapes, printouts, programs or backup material therefor, statistical records, delivery records, abstracts of bids, stenographer's notebooks, desk calendars, appointment books, diaries, time sheets and logs, telephone logs, job, matter and transaction files, and any papers or recordings similar thereto, whether made or received by you. Any document that contains any notation, marking, comment, addition, insertion, alteration or deletion of any kind that is not a part of other copies of the document is to be considered a separate document and must be additionally produced.

Without limitation of the foregoing, the word "Document" as used herein shall be understood to include not only physical or hard copies thereof, but all copies, back-ups, records and other reproductions stored in any form of digital media, including but not limited to any computer hard drives, network drives, back-up tapes, and other storage media.

6. The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular. The use of a masculine, feminine or neuter pronoun shall be understood to include all other genders.

7. The disjunctive "or" shall be deemed to include the conjunctive "and," and likewise the conjunctive "and" shall be deemed to include the disjunctive "or."

8. The word "person" shall mean any individual, fictitious person, firm, partnership, corporation, association, organization, business or governmental entity or subdivision, agency, department, and any "person" acting by or through, directly or indirectly, any other "person," as well as any "person" by whom such "person" was controlled with respect to the matter in question.

9. The terms "relate to," "relating to" or "in relation to" when used in connection with a request for documents herein shall include all documents addressing, pertaining to, discussing, reflecting, concerning, describing, touching upon or referring in any way to the matter in question.

10. The "Amended Complaint" shall refer to document number 47 filed in the captioned action.

11. The term "Exhibit A" shall refer to the Microsoft Excel files served contemporaneously with the file names: "Exhibit A Part 1 - BIO Unpaid (LABS00000001

- LABS00000478).xlsx," "Exhibit A Part 2 - PBL Unpaid (LABS00000479 - LABS00005958).xlsx", and "Exhibit A Part 3 - Cigna 2014-2017 Unpaid (LABS00005959 - LABS00127163).xlsx". Exhibit A is designated as CONFIDENTIAL pursuant to the Standing Protective Order docketed as document number 10 in this case.

12. The term "<u>Exhibit B</u>" shall refer to the Microsoft Excel files served contemporaneously with the file names "Exhibit B Part 1 - BIO No Response (LABS00127164 - LABS00127164).xlsx", "Exhibit B Part 2 - PBL No Response (LABS00127165 - LABS00132276).xlsx" and "Exhibit B Part 3 - Cigna 2014-2017 No Response (LABS00132277 - LABS00160116).xlsx". Exhibit B is designated as CONFIDENTIAL pursuant to the Standing Protective Order docketed as document number 10 in this case.

13. The term "<u>Exhibit C</u>" shall refer to the Microsoft Excel files served contemporaneously with the file names "Exhibit C - Part 1 - BIO Paid (LABS00160117 - LABS00161542).xlsx", "Exhibit C - Part 2 - PBL Paid (LABS00161543 - LABS00166347).xlsx", and "Exhibit C - Part 3 - Cigna 2014-2017 Paid (LABS00166348 - LABS00306364).xlsx". Exhibit C is designated as CONFIDENTIAL pursuant to the Standing Protective Order docketed as document number 10 in this case.

14. The term "<u>Exhibit D</u>" shall refer to the Microsoft Excel files served contemporaneously with the file names "Exhibit D - Part 1 - BIO Unpaid - No AOB (LABS00306365 - LABS00306842).xlsx", "Exhibit D - Part 2 - PBL Unpaid - No AOB (LABS00306843 - LABS00312322).xlsx", and "Exhibit D - Part 3 - Cigna 2014-2017 Unpaid - No AOB (LABS00312323 - LABS00404886).xlsx".). Exhibit D is designated as

CONFIDENTIAL pursuant to the Standing Protective Order docketed as document number 10 in this case.

## II.    **INSTRUCTIONS**

1.    Please identify the Defendant answering this request.

2.    If any of the following requests involve information or documents that you contend to be confidential, secret or proprietary, you should advise Plaintiffs of the claimed confidential nature of such information and request a stipulation as to the entry of an appropriate protective order preserving such confidentiality.

3.    If any part of this discovery request cannot be answered fully and completely, Defendant shall respond to the extent possible, specifying the reasons for his inability to answer the remainder and stating the substance of its knowledge, information and belief concerning the subject matter of the unanswered portion.

4.    A request in this discovery to "identify" a person is a request for the following information:

    a.    His or her full name and all other names by which he or she may be known;
    b.    His or her current business address and telephone number or, if unknown, his or her last known business address and telephone number;
    c.    His or her present residential address and telephone number or, if unknown, his or her last known residential address and telephone number; and
    d.    His or her present occupation, position and business affiliation, or, if unknown, his or her last known occupation, position and business affiliation.

5.    A request in this discovery to "identify" a writing or document is a request for the following information:

    a.    A description of the document, including its subject matter;

THE PLAINTIFFS
EPIC REFERENCE LABS, INC.,
BIOHEALTH MEDICAL LABORATORY,
INC., and PB LABORATORIES, LLC

/s/ John J. Radshaw III
_____
John J. Radshaw III, Esq. (ct19882)
65 Trumbull Street, 2nd Fl.
New Haven, CT 06510
203.654.9695 | 203.721.6182 f
jjr@jjr-esq.com

Scott M. Hare, Esq. (phv10339)
Anthony T. Gestrich, Esq. (phv11119)
WHITEFORD, TAYLOR & PRESTON LLP
200 First Avenue, Floor 3
Pittsburgh, PA 15222
Tel: 412-275-2400
SHare@wtplaw.com
AGestrich@wtplaw.com

Fred A. Cunningham, Esq. (phv20210)
Matthew Christ, Esq. (phv20209)
DOMNICK CUNNINGHAM & WHALEN
2401 PGA Boulevard #140
Palm Beach Gardens, FL 33410
(561) 625-6260
fred@dcwlaw.com
mtc@dcwlaw.com

**CERTIFICATION**

The undersigned certifies that a copy of the above was served electronically or via US Mail, postage prepaid on September 30, 2021 to all counsel of record as follows.

| | |
|---|---|
| Edward T. Kang, Esq. / edward.kang@alston.com Kelsey Kingsbery, Esq. / Kelsey.kingsbery@alston.com Emily Costin, Esq. / Emily.costin@alston.com Alston & Bird LLP 950 F Street NW Washington, DC 20004 | Scott M. Hare, Esq. / share@wtplaw.com Anthony Gestrich, Esq. / agestrich@wptlaw.com Whiteford Taylor Preston, LLP 200 First Avenue, Floor 3 Pittsburgh, PA 15222 |

Fred A. Cunningham / fred@dcwlaw.com
Matthew Christ / mtc@dcwlaw.com
Domnick Cunningham & Whalen
2401 PGA Boulevard #140
Palm Beach Gardens, FL 33410


/s/ John J. Radshaw III
_____
John J. Radshaw III