# EXHIBIT 6-B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>  Plaintiffs,<br><br>  v.<br><br>BIOHEALTH LABORATORIES, INC., PB LABORATORIES, LLC, EPIC REFERENCE LABS, INC., and EPINEX DIAGNOSTICS, INC.,<br><br>  Defendants. | Case No. 3:19-cv-01324-JCH<br><br>Hon. Janet C. Hall |

### PB LABORATORIES, LLC'S RESPONSES TO CIGNA'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PB LABORATORIES, LLC

Defendant PB Laboratories, LLC ("PB"), through its undersigned counsel, serves *PB Laboratories, LLC's Responses to Cigna's First Set of Requests for Admissions to PB Laboratories, LLC* and responds as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that all of the claims for which You seek relief appear on Exhibit A.

**Response**: PB objects to this request as ambiguous because it is unclear whether "relief" refers to (1) the relief sought in PB's claims against Cigna in case number 3:19-cv-01326-JCH or (2) the relief sought in PB's affirmative defenses, such as its setoff defense, in case number 3:19-cv-01324-JCH. For purposes of answering this request, PB defines "relief" as the relief sought in PB's claims against Cigna in case number 3:19-cv-01326-JCH.

PB admits that claims for which PB seeks relief appear on Exhibit A. PB denies that all of such claims appear on Exhibit A. First, Cigna enigmatically insists that it cannot locate claims and patients identified on Exhibit A, though Cigna has never identified for PB any of the specific claims or patients identified on Exhibit A that it cannot locate. Second, discovery is ongoing, and it is premature to make any final determinations as to the claims that remain in dispute and whether there are additional claims that do not appear on Exhibit A.  Accordingly, PB qualifies its admission with a denial that is consistent with Cigna's assertions, and PB notes that there may be additional claims for which it seeks relief that do not appear on Exhibit A.

**REQUEST FOR ADMISSION NO. 2:** Admit that all of the claims for which You allege Cigna "failed to respond" (as referenced in Paragraphs 20 and 50 of the First Amended Complaint) appear on Exhibit B.

**Response**: After reasonable investigation, PB is without sufficient information to respond to the reference to Paragraph 50 of the First Amended Complaint because Paragraph 50 of the First Amended Complaint does not contain an allegation that Cigna "failed to respond" to claims. Instead, Paragraph 50 of the First Amended Complaint states: "All prerequisites to suit have been satisfied, and the claims asserted herein are ripe for adjudication by this Court." Accordingly, PB is unable to ascertain any intended connection between Paragraph 50 and this request.

PB admits that claims for which PB alleges Cigna "failed to respond" appear on Exhibit B. PB denies that all of such claims appear on Exhibit B. First, Cigna enigmatically insists that it cannot locate claims and patients identified on Exhibit B, though Cigna has never identified for PB any of the specific claims or patients identified on Exhibit B that it cannot locate. Second, discovery is ongoing, and it is premature to make any final determinations as to the claims that remain in dispute and whether there are additional claims that do not appear on Exhibit B.

Accordingly, PB qualifies its admission with a denial that is consistent with Cigna's assertions, and PB notes that there may be additional claims for which Cigna failed to respond that do not appear on Exhibit B.

**REQUEST FOR ADMISSION NO. 3:** Admit that all of the claims on Exhibit A for PB which you possess no assignment of benefits appear on Exhibit D.

**Response**: Admitted.

**REQUEST FOR ADMISSION NO. 4:** Admit that You are not seeking relief for any claims submitted on behalf of patients for whom You possess a valid assignment of benefits.

**Response**: PB objects to this request as ambiguous because it is unclear whether "relief" refers to (1) the relief sought in PB's claims against Cigna in case number 3:19-cv-01326-JCH or (2) the relief sought in PB's affirmative defenses, such as its setoff defense, in case number 3:19-cv-01324-JCH. For purposes of answering this request, PB defines "relief" as the relief sought in PB's claims against Cigna in case number 3:19-cv-01326-JCH.

PB admits, in part, that it does not seek relief for claims for which PB possesses a valid assignment of benefits. PB denies that a "valid assignment of benefits" for one patient can be applicable to all claims for that patient, and therefore PB denies this request in part.

*/s/ Anthony T. Gestrich*
Scott M. Hare (phv10339)
Anthony T. Gestrich (phv11119)
WHITEFORD, TAYLOR & PRESTON, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone: 412-618-5600
Facsimile: 412-618-5596
E-mail:   SHare@wtplaw.com
          AGestrich@wtplaw.com

Fred Alan Cunningham (phv20210)
Matthew Christ (phv20209)
DOMNICK CUNNINGHAM & WHALEN

          2401 PGA Boulevard, Suite 140
          Palm Beach Gardens, FL 33410
          Telephone: 561-625-6260
          Facsimile: 561-625-6269
          E-mail:    fred@dcwlaw.com
                      mtc@dcwlaw.com

          John J. Radshaw III
          (ct19882)
          65 Trumbull Street, 2nd Fl.
          New Haven, CT 06510
          Telephone: 203-654-9695
          Facsimile: 203-721-6182
          E-mail:    jjr@jjr-esq.com

          *Counsel for Defendants*

Date:   April 21, 2022

**CERTIFICATION**

The undersigned certifies that a copy of the above was served electronically or via US Mail, postage prepaid on April 21, 2022 to all counsel of record as follows:

Edward T. Kang, Esq.
edward.kang@alston.com
Kelsey Kingsbery, Esq.
Kelsey.kingsbery@alston.com
Emily Costin, Esq.
Emily.costin@alston.com
Alston & Bird LLP
950 F Street NW
Washington, DC 20004

*Counsel for Plaintiffs*

            */s/ Anthony T. Gestrich*
            Anthony T. Gestrich