# EXHIBIT 13

**William M. Welch II**
Associate Chief Counsel
Cigna Legal



December 12, 2014

VIA U.P.S. 2nd DAY DELIVERY

Michael P. Gennett, Esq.
Akerman LLP
One Southeast Third Avenue
Suite 2500
Miami, FL 33131-1714

900 Cottage Grove Road
B6LPA
Bloomfield, CT 06152
Tel 860-226-3353
William.Welch@Cigna.com

Re: PB Labs, LLC

Dear Mr. Gennett:

As you know, Cigna has been conducting an audit of medical records and a review of the billing practices of PB Labs, LLC. I wrote you on July 31, 2014 to request clarification regarding the billing policy of PB Labs and to point out discrepancies in the billing and collection information that your client provided. You never responded.

Cigna has received additional information that PB Labs waives in whole or in part the full out-of-network cost share liability of Cigna customers. The waiver of any portion of a Cigna customer's out-of-network cost share obligation violates the terms and conditions of our health benefits plans and renders PB Labs' charges non-coverable. Therefore, based upon our information, and the lack of any countervailing information received from PB Labs, Cigna cannot assure itself that it can rely upon the accuracy and completeness of the claims submitted by PB Labs to Cigna.

The waiver of patient cost share obligations, sometimes known as "fee-forgiveness," a prompt pay discount, or financial hardship waivers, occurs when, for example, a provider such as PB Labs accepts an insurer's payment and then waives in full or in part the cost share obligations of the Cigna customer to pay the amounts not covered by insurance or a benefit plan or otherwise, or agrees to collect only an in-network copayment, deductible and/or coinsurance rather than the cost share obligation applicable to services obtained from an out-of-network provider. Cigna takes the waiver of any portion of a copayment, deductible and/or coinsurance obligation very seriously.

Cigna health benefits plans exclude from coverage "charges which you [the Cigna customer] are not obligated to pay or for which you [the Cigna customer] are not billed or for which you [the

"Cigna" is registered service mark and the "Tree of Life" logo is a service mark of Cigna Intellectual Property, Inc., licensed for use by Cigna Corporation and its operating subsidiaries. All products and services are provided by or through such operating subsidiaries, including Connecticut General Life Insurance Company, and not by Cigna Corporation.

Michael P. Gennett, Esq.
December 12, 2014
Page 2

Cigna customer] would not have been billed except that they were covered under this plan." Our plans also define "Covered Expenses" as "expenses incurred by or on behalf of a person for the charges below if they are incurred after he becomes insured for these benefits" and deductible as the amount that must be paid before the plan will pay. In other words, only expenses that a Cigna customer is obligated to pay or billed are reimbursable.

If a Cigna customer is not obligated to pay or billed a charge, any claim for reimbursement for any part of that charge under such a contract or benefit plan is not covered. Because PB Labs steps into the shoes of the Cigna customer when PB Labs seeks reimbursement from Cigna, PB Labs may not unilaterally alter the terms of Cigna's contract with its Cigna customer. Cigna has consistently interpreted its plan language in this manner for over twenty years, and the Second, Seventh and Ninth Circuits as well as other federal courts have upheld Cigna's interpretation of that plan language. *See, e.g., Biomed Pharmaceuticals, Inc. v. Oxford Health Plans (NY), Inc.*, 12-3023, 2013 WL 2991293 (2d Cir. 2013); *Smilecare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996); *Kennedy v. Connecticut General Life Insurance Company*, 924 F.2d 698, 702 (7th Cir. 1991); *North Cypress Medical Center v. Cigna Healthcare*, 4:09-cv-02566, Dkt. 318, 331. This exclusion applies even if a particular medical procedure has been deemed medically necessary or allowable.

Cigna views the waiver of any portion of a copayment, deductible and/or coinsurance obligation, whether occurring up front at the time of medical services or after receipt of Cigna's payment, on any particular claim, or any portion thereof, as potentially fraudulent. *See, e.g., United States v. Nichols*, 977 F.2d 583 (6th Cir. 1992) (dentist's scheme to waive copayments fell within the parameters of the mail fraud statute). *See also Neder v. United States*, 525 U.S. 1, 22 (1999) (actionable fraud has a well-settled meaning of material misrepresentation or omission). In fact, the State of Florida specifically criminalizes the waiver of copayments or deductibles. Section 817.234(7)(a) states in relevant part that "[i]t shall constitute a material omission and insurance fraud for any physician or other provider, other than a hospital, to engage in a general business practice of billing amounts as its usual and customary charge, if such provider has agreed with the patient or intends to waive deductibles or copayments, or does not for any other reason intend to collect the total amount of such charge."

Cigna plans also generally vest Cigna with discretion in the administration of its plans and allow the payments of benefits when Cigna receives proof of loss. Proof of loss is a condition precedent to coverage. Payment by a Cigna customer of his or her cost share obligation first is a measure of proof of loss, particularly in light of PB Labs' apparent history of cost share waiver.

Therefore, when submitting claims in the future, PB Labs will need to establish proof of loss to Cigna's satisfaction so that Cigna can determine that a coverable loss exists before Cigna will release any reimbursement for submitted claims. Whenever PB Labs submits a claim for medical benefits to Cigna in the future, Cigna will expect PB Labs to provide Cigna with documentary proof of the Cigna customer's payment for the medical procedure(s) at issue as required under the Cigna customer's benefit plan. That proof should consist of a credit card

Michael P. Gennett, Esq.
December 12, 2014
Page 3

receipt, a cancelled check, or some other form of documentation showing that the Cigna customer actually incurred and personally paid the expense, and that PB Labs did not waive or forgive the Cigna customer's cost share obligation. Since PB Labs already has or can obtain the benefits information for its Cigna customers through Cigna's HCP website or telephone system, PB Labs can calculate a Cigna customer's cost share obligation.

Alternatively, PB Labs can supply proof of the actual price, whether Medicare-based or some other methodology, used by PB Labs to calculate the "out of network adjustment" or the "fixed out of network allowable and in turn the cost-share obligation for the Cigna customer. Cigna will need that information in order to understand how much you actually obligated the Cigna customer so that we can process your claim consistent with the terms and conditions of the underlying health benefits plan.

To the extent that PB Labs claims a financial hardship on behalf of a Cigna customer, Cigna will expect to see any and all documentation underlying such a determination. Said documentation would include, but is not limited to, a financial hardship application and/or affidavit; documentation of income earned, such as W-2s or paystubs; assets; and documentation of indebtedness and/or expenses. You should know that Cigna health benefit plans do not have a cost share exception for financial hardship. Of course, all of the afore-mentioned documentation is in addition to, and not instead of, any other documentation that PB Labs ordinarily would submit when seeking reimbursement for medical benefits.

Consistent with its obligations under its various benefit plans, Cigna will review the submitted claim as well as the payment documentation and/or pricing information and determine if PB Labs has provided sufficient information for Cigna to evaluate and validate your billings and assure itself of proof of loss. If so, Cigna will release its corresponding reimbursement share based upon its receipt of proof of the Cigna customer's full cost share payment, or some portion thereof. If Cigna receives proof of smaller payment(s) by the Cigna customer, Cigna will release reimbursement share(s) corresponding to those lesser payment(s) consistent with the Cigna customer's out-of-network percentages until both the Cigna customer and Cigna have met their contractual obligations.

If PB Labs does not establish proof of loss as described above, Cigna will deny the claim until PB Labs submits the requested documentation. Upon receipt of proper proof as described above, Cigna will reprocess the claim consistent with the procedure described above. This process accords with Cigna's general exclusion language, which excludes from coverage "charges which you [the Cigna customer] are not obligated to pay or for which you [the Cigna customer] are not billed or for which you [the Cigna customer] would not have been billed except that they were covered under this plan" as well as the plan requirements for "Covered Expenses" and deductibles. Of course, the payment and reimbursement schedule described herein remains subject to the full terms and conditions of the Cigna customer's benefit plan.

CONFIDENTIAL

Michael P. Gennett, Esq.
December 12, 2014
Page 4

It is only through this process that Cigna can assure itself that PB Labs' claims list its actual charges for services rendered, and that PB Labs does not waive or forgive the applicable full out-of-network cost share obligation for Cigna customers. This procedure will continue until PB Labs can establish to Cigna's satisfaction that it has ended the practice of waiving or forgiving a Cigna customer's applicable full out-of-network cost share. If PB Labs does not waive cost share obligations and fully informs Cigna customers of its out of network status and the estimated charges for its services, then the Cigna customers would expect to pay their cost share obligations shortly after medical treatment. The Cigna customer is in the same position by our request, and PB Labs can expect to receive reimbursement for allowed charges as calculated under and subject to the full terms and conditions of the applicable plans.

Cigna expects PB Labs to abandon its practice of waiving any portion of the cost share obligations of Cigna customers. As this letter makes clear, you do not have the unilateral authority to do so, and this business practice directly impacts whether a coverable loss exists on any claim submitted by PB Labs. Accordingly, should PB Labs persist in the waiving of any portion of the cost share obligations of Cigna customers, you have an obligation to inform every Cigna customer that Cigna has informed PB Labs that this practice violates the terms and conditions of their health benefits plan and will render PB Labs' charges non-coverable. Your failure to inform each Cigna customer of this material fact will constitute consumer fraud, which is actionable under the laws of the State of Florida, and further render your charges non-coverable as Cigna health benefit plans do not cover charge where "the payment is unlawful where the person resides when the expenses are incurred."

Of course, Cigna reserves the right to conduct any additional post-payment audits that it deems necessary to enforce its plan requirements. Cigna also reserves the right to review and contest the actual charges of any of the claims submitted by PB Labs. In addition, Cigna reserves the right to pursue collection of any past or future overpayments to PB Labs as a result of the waiver or forgiveness of any cost share obligation under its plans.

Finally, in addition to all previous disclaimers, this letter also further confirms that a request for benefits information, pre-authorization or pre-certification is not a promise or guarantee of coverage or payment, and that Cigna representatives who respond to such requests do not have authority to bind Cigna to pay at any particular rate or amount. Moreover, all benefits information calls and the information provided therein are subject to all plan provisions, including eligibility requirements, exclusions, limitations and state mandates, and we expect you to honor and adhere to the terms and conditions of our benefits plans, including those provisions discussed in detail in this letter.

Sincerely,

William M. Welch II
Associate Chief Counsel

CONFIDENTIAL

CIGNA19-1326 0292078