UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE : | | CIVIL CASE NO. |
| INSURANCE COMPANY and : | | 3:19-CV-01324 (JCH) |
| CIGNA HEALTH AND LIFE : | | |
| INSURANCE COMPANY, : | | |
|     Plaintiffs, : | | |
| : | | |
| : | | |
| v. : | | |
| : | | |
| BIOHEALTH LABORATORIES, INC., : | | AUGUST 12, 2024 |
| PB LABORATORIES, LLC, and : | | |
| EPIC REFERENCE LABS, INC., : | | |
|     Defendants. : | | |

**RULING ON MOTION FOR SEPARATE TRIALS (DOC. NO. 296) AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENTS REGARDING THE PROPRIETY OF ANY CLAIM DENIALS (DOC. NO. 312)**

**I.   INTRODUCTION**

This consolidated action arises out of alleged misrepresentations made by a number of toxicology laboratories and retention of payment by health insurance companies. The parties to this action are: Connecticut General Life Insurance Company and Cigna Health Life Insurance Company (collectively, "Cigna") and BioHealth Laboratories, Inc. ("BioHealth"), PB Laboratories, LLC ("PB Labs"), and Epic Reference Labs, Inc. ("Epic") (collectively "the Labs").

Now before the court are Cigna's Motion for Separate Trials (Doc. No. 296) and Motion in Limine to Exclude Evidence and Arguments Regarding the Propriety of Any Claim Denials (Doc. No. 312). For the reasons below, the court denies both Motions.

**II.   BACKGROUND**

The court assumes familiarity with the facts and the procedural history pertaining to the consolidated action, most of which is provided in further detail in the court's

1

Ruling on Motions for Summary Judgment. See Ruling on Motions for Summary Judgment ("MSJs Ruling") (Doc. No. 271). The court provides a summary of the background relevant to the instant Motions.

On January 31, 2022, pursuant to Rule 42 of the Federal Rules of Civil Procedure, the parties jointly moved to consolidate for all purposes Cigna's action against the Labs with the Labs' action against Cigna. See Joint Motion to Consolidate Cases, No. 19-CV-1324 (JCH) (Doc. No. 91); Joint Motion to Consolidate Cases, No. 19-CV-1326 (JCH) (Doc. No. 99). On February 2, 2022, the court held a hearing in which it granted the Joint Motion with respect to consolidation for all pretrial purposes but reserved the issue of consolidation for trial purposes for a later time. See Feb. 2, 2022 Motion Hearing Minute Entry (Doc. No. 91); see also Transcript of Feb. 2, 2022 Motion Hearing ("Tr.") (Doc. No. 96) at 6:1-23.

On March 1, 2024, the court granted and denied in part the parties' Motions for Summary Judgment. See MSJs Ruling. The Labs' remaining causes of action include statutory claims under section 627.638 and 627.6131 of the Florida Statutes as well as third-party beneficiary contract claims. See id. at 82–83. Cigna's remaining causes of action include state-law claims of unjust enrichment and federal claims for declaratory relief. See id. Following the court's denial of the Labs' Motion for Reconsideration, the court set a May 6, 2024 deadline for the Joint Pretrial Memorandum. See April 5, 2024 Motion Hearing Minute Entry (Doc. No. 288). The deadline was later extended to May 31, 2024, in light of settlement efforts. See Motion for Extension of Time (Doc. No. 294); Order (Doc. No. 295).

Approximately a week before the deadline, on April 24, 2024, Cigna moved for separate trials pursuant to Rule 42 of the Federal Rules of Civil Proceduer, see Motion for Separate Trials; Memorandum in Support of Motion for Separate Trials ("Sep. Trials Mem.") (Doc. No. 297); see also Reply to Opposition to Motion for Separate Trials ("Sep. Trials Reply") (Doc. No. 313).  On May 29, 2024, Cigna moved, pursuant to Rules 104 and 402 of the Federal Rules of Evidence, to exclude evidence and arguments pertaining to the propriety of any claim denials.  See Motion in Limine; Memorandum in Support of Motion in Limine (Doc. No. 312-1) ("Exclusion Mem."); see also Reply to Opposition to Motion in Limine ("Exclusion Reply") (Doc. No. 324).  The Labs oppose both Motions.  See Memorandum in Opposition to Motion for Separate Trials ("Sep. Trials Opp.") (Doc. No. 309); Memorandum in Opposition to Motion in Limine ("Exclusion Opp.") (Doc. No. 319).

## III.   LEGAL STANDARDS

### A.   Motion for Separate Trials

Rule 42 of the Federal Rules of Civil Procedure authorizes the court to "separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  The Rule "affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency."  See Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999); Springs v. City of New York, No. 22-CV-1687, 2024 WL 208158, at *2 (2d Cir. Jan. 19, 2024) (summary order); see also Hecht v. City of New York, 217 F.R.D. 148, 150 (S.D.N.Y. 2003) (noting that "considerations of convenience, avoidance of prejudice to the parties, and efficiency are implicated" in motions to separate trials).

B. <u>Motion in Limine</u>

"[T]he purpose of an in <u>limine</u> motion is to aid the trial process by enabling the [c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." <u>Highland Cap. Mgmt., L.P. v. Schneider</u>, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (quoting <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir.1996)); <u>see also</u> Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible.").

Absent other evidentiary exclusion grounds, evidence is admissible if it is relevant, Fed. R. Evid. 402, that is, if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action", Fed. R. Evid. 401. "The 'standard of relevance established by the Federal Rules of Evidence is not high.'" <u>Highland Cap. Mgmt., L.P.</u>, 551 F. Supp. 2d at 176 (S.D.N.Y. 2008) (quoting <u>United States v. Southland Corp.</u>, 760 F.2d 1366, 1375 (2d Cir.1985)).

**IV.   DISCUSSION**

Cigna moves for separate trials on the ground that the issues central to its case against the Labs no longer overlap with the issues in the Labs' case against Cigna. <u>See</u> Sep. Trials Mem. at 2. The crux of Cigna's argument is that, as a result of the Ruling granting summary judgment in its favor on the Labs' claims of <u>quantum</u> <u>meruit</u> and claims under section 627.64194 of the Florida Statutes, the issues of medical necessity, fee-forgiving, and unbundling, which form the basis of its case against the Labs, no longer serve as defenses in the Labs' case against Cigna. <u>See id.</u> at 2-5. Because this

argument is fleshed out in more detail in Cigna's Motion in Limine,[1] the court will address the Motion in Limine first before turning to the Motion for Separate Trials.

### A. Motion in Limine

Cigna moves to preclude the Labs from presenting evidence or arguments at trial pertaining to the propriety of Cigna's claim denials on the ground that such an issue is irrelevant to the Labs' remaining causes of action: statutory claims under sections 627.638 and 627.6131 of the Florida Statutes and third-party beneficiary claims. See Mot. in Limine; Exclusion Mem. at 1–2. The parties dispute whether: (1) issues regarding coverage are irrelevant to claims made pursuant to sections 627.638 and 627.6131, and (2) the Labs' third-party beneficiary claims rest solely on sections 627.638 and 627.6131 of the Florida Statutes. See Exclusion Mem. at 10–16; Exclusion Opp. at 2–5.

The Labs have seemingly conceded that their claims under section 627.6131 only pertain to the timeliness of denials or payments by not providing any counterarguments to the contrary in their Memorandum in Opposition. As such, the court will only address Cigna's first argument concerning section 627.638. Section 627.638 provides, in relevant part:

> Whenever, in any health insurance claim form, an insured specifically authorizes payment of benefits directly to any recognized hospital, licensed ambulance provider, physician, dentist, or other person who provided the services in accordance with the provisions of the policy, the insurer shall make such payment to the designated provider of such services. The insurance contract may not prohibit, and claims forms must provide an option for, the payment of benefits directly to a licensed hospital, licensed ambulance provider, physician, dentist, or other person who provided the services <u>in accordance with the provisions of the policy for care provided</u>. The insurer may require written attestation of assignment of benefits.

---

[1] Cigna expressly incorporates its Motion in Limine in its Reply Memorandum in further support of its Motion in Limine. See Sep. Trials Reply at 3–4.

5

> Payment to the provider from the insurer may not be more than the amount that the insurer would otherwise have paid without the assignment.

Fla. Stat. § 627.638(2) (emphasis added).  As the Labs correctly contend, the language of the statute expressly makes coverage relevant.  Even if the statute did not expressly note that direct payment to providers must be made when services are covered by the applicable policy, the court would nonetheless deny Cigna's Motion for Separate Trials.  It is axiomatic that, to reach the issue of whether an insurer acted in contravention of the Direct Payment Statute, the services must be covered by the insured's policy, making the insurance plans relevant to the Labs' claims under section 627.638.[2]

Accordingly, the court denies Cigna's Motion in Limine on the ground that issues regarding coverage of services are irrelevant to the Labs' statutory claims.

Although the court need not address Cigna's second argument because, even assuming, arguendo, Cigna is correct that the third-party beneficiary claims rely solely on sections 627.6131 and 627.638, coverage is relevant to section 627.638, it does so to resolve issues arising out of discovery responses.[3]

---

[2] Cigna is correct that the court questioned how the issue of fee forgiving relates to the third-party beneficiary claims given that the crux of those claims was based on statutes pertaining to timeliness of authorized payments to the Labs.  See Exclusion Reply at 7 (citing MSJs Ruling at 70–71).  However, this was due, in large part, to the protracted nature of the Motions for Summary Judgment.  Cigna moved for summary judgment as to its defense of fee-forgiving on the Labs' third-party beneficiary claims, but "[n]either [side] [had] articulate[d] how [the] issue [of fee-forgiving] relates to the third-party beneficiary claims."  See MSJs Ruling at 70.  Nevertheless, the court addressed Cigna's arguments regarding fee-forgiving in the event they were relevant to the claims.  See id. at 71.

[3] The court has reviewed the other arguments presented by Cigna regarding the court's previous Rulings, which Cigna contends have narrowed the issues pertaining to the Labs' third-party beneficiary claims.  Cigna misreads the Order on the Motion to Dismiss, which merely found that the Labs' claims were plausible given the incorporation of the statutory provisions into the insurance policies.  See Order on the Motion to Dismiss, No. 19-CV-1326 (SRU) (Doc. No. 83) at 39.  Further, while the Ruling on Cigna's Motion for Summary Judgment on the third-party beneficiary claims did rely on the incorporation of the statutory provisions, the court did not hold that these provisions were the sole alleged breach.

The crux of Cigna's argument with respect to the third-party beneficiary claims is that the Labs did not identify any provisions relating to coverage as the basis for its allegation that Cigna breached the policies. It is uncontroverted that, in response to its interrogatory asking the Labs to identify each provision of the policies that serve as the basis for the Labs' third part beneficiary claims, the Labs: (1) identified sections 627.6131, 627.638, and 627.64194, and (2) objected to the extent the interrogatories sought individualized answers because, at the time, Cigna had not produced the insurance policies. See Exclusion Mem at 6–7; Exclusion Opp. at 4. Responding to the Labs' interrogatory objection, Cigna explained that, at that stage in the litigation, it only sought to determine what portion of the policies "in general terms" the Labs claim Cigna breached. See Reply at 9; Cigna's Ex. A, Cigna's Responses to Labs' Discovery Objections (Doc. No. 312-2) at 4 (Interrogatory No. 13). Nonetheless, in their supplemental response, the Labs continued to object on the ground that Cigna had not produced all the policies. See Supplemental Responses to Cigna's First Set of Interrogatories ("Supp'l Responses") (Doc. No. 237-9) at 2. The Labs wrote, in relevant part, that "[i]n the event that Cigna produces the policies, then [the Lab]'s response to this interrogatory is not due until 45 days before the close of discovery by agreement of the parties." See id. They further provided:

> To the extent that Cigna seeks identification of the statutory provisions constructively incorporated in the plans by operation of Florida law, those provisions are identified in the Amended Complaint and correspondence to Cigna dated February 10, 2022, and those provisions include without limitation the provisions codified at Florida Statute Sections 627.6131, 627.638, and 627.64194. Notwithstanding the foregoing, discovery is ongoing, thus the foregoing list of provisions is non-exhaustive.

See id. Cigna notes that, despite the production of every policy, the Labs never provide a supplemental response. See Exclusion Reply at 9–10.

7

The Labs argue that, if Cigna was not content with the responses produced in discovery, it should have moved to compel.  See Exclusion Opp. at 4–5.  Cigna counters that it "had no reason to burden the court with another motion to compel" in light of the Labs' corporate representative's confirmation that he had no additional information to provide to Cigna's interrogatories.  See Exclusion Reply at 10 (citing Deposition Transcript of Seamus Lagan ("Lagan Dep.") (Doc. No. 240-2) at 294:8–18).

Without further information, the court is not convinced that preclusion is warranted here.  While Cigna is correct that the animating purpose of discovery is to identify the issues for trial, see Exclusion Mem. at 15, the Labs' action has always involved issues pertaining to coverage and, consequently, discovery related to coverage has been produced in connection with the Labs' claims.  The court understands that Cigna's position is that questions of coverage were only relevant to the Labs' now-dismissed statutory and quantum meruit claims.  However, given that Cigna moved for summary judgment on the Labs' third-party beneficiary claim based on its fee-forgiving defense, see MSJs Ruling at 70–75, the court is not persuaded by Cigna's contention that it understood the Labs' third-party beneficiary claims to be premised solely on the incorporation of relevant statutory provisions in the insurance policies.  Further, Cigna's Motion for Summary Judgment places into doubt Cigna's assertion, see Sep. Trials Mem. at 2–3, that its defenses relating to coverage were only aimed at the Labs' now-dismissed quantum meruit and section 627.64194 claims.

Moreover, Cigna's reliance on the Labs' corporate representative's testimony is not justified.  Mr. Lagan merely confirmed that, to his knowledge, the Labs' responses to Cigna's interrogatories were complete and that he was not aware of any further

8

responsive information that had not already been provided.  See Lagan Dep. at 294:8–18.  If Cigna wanted to confirm whether the Labs had additional information to provide regarding its basis of the third-party beneficiary claims, it should have asked him a specific question directed at the particular interrogatory response it sought to verify.  Further, if any meaning is to be attributed to the representative's testimony, it confirms the Labs' response that the identified statutory sections were not the sole basis for the claims.  Thus, rather than worrying over "burdening the court"—a concern Cigna was otherwise devoid of throughout pretrial—it should have moved to compel in a timely manner as it initially contemplated doing.  See Cigna's Ex. A, Cigna's Responses to the Labs' Objections at 4.

Based on the arguments and exhibits provided, the court finds that the Labs' failure to supplement their responses was harmless.  See Fed. R. Civ. P. 37(c)(1) (a party who fails to provide information as required by Rule 26(a) cannot use that information at trial "unless the failure was substantially justified or is harmless").

However, the inherent relevance of coverage to statutory provisions begs the question of how the Labs' third-party beneficiary claims differ from their statutory claims.  If the statutory claims and the third-party beneficiary claims are both premised on the theory that Labs' services are covered by the terms of the insurance policies and Cigna had violated the Florida "prompt payment" scheme, then there exists the possibility of duplicative claims.  Considering the possible redundancy in the Labs' action against Cigna, the court orders the Labs to show cause within 14 days why the court should not dismiss one of its causes of action as duplicative of the other.  See FPP, LLC v. Xaxis US, LLC, 764 F. App'x 92, 93 (2d Cir. 2019) (summary order) (emphasizing that courts

must give "advance notice that dismissal [of duplicative claim] was contemplated and afforded them no opportunity to brief the question" (quoting McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001)).  Moreover, the court further orders that, in its response, the Labs provide support, if any, for the existence of a private right of action under section 627.638.[4]  Cigna may respond within 14 days of the Labs' filing.  Absent extraordinary circumstances, the court will not permit a reply to Cigna's response, if any.

B. Motion for Separate Trials

In its Motion for Separate Trials, Cigna first argues that the issues of medical necessity, fee-forgiving, and unbundling, are no longer relevant to the Labs' case against Cigna.  See Sep. Trials Mem. at 2-5.  Cigna advances the same arguments it did in its Motion in Limine.  Compare id. at 2–8 with Exclusion Mem. at 10–16.  On this ground, Cigna avers that the cases will necessarily involve "different documentary evidence, fact witnesses, expert witnesses, and damage analyses."  See Sep. Trials Mem. at 7–8.  In disposing of the Motion in Limine, supra, see Section IV.A., the court rejected Cigna's argument that the question of whether the services the Labs rendered are covered by the Cigna policies at issue is irrelevant to the Labs' causes of action.  As such, the court disagrees that there is no overlap between the issues in the Labs' case and Cigna's case.

Second, Cigna contends that the number of distinct issues poses a substantial risk of confusing the jury if the cases were tried in the same trial.  See id. at 8–11.

---

[4] Cigna directs the court's attention to a recent decision from the Southern District of Florida, Wolf v. CIGNA Health & Life Ins. Co., No. 23-CV-81457-ROSENBERG, — F. Supp. 3d —, 2024 WL 1908633 (S.D. Fla. Apr. 29, 2024), holding that section 627.638 does not confer on service providers a right of action under section 627.638.  See Exclusion Reply at 5.  Arguments raised for the first time in a reply memorandum are normally deemed waived.  However, in light of the order requesting further briefing on the issue of the existence of duplicative claims, the court will also seek briefing on whether a private right of action exists under section 627.638.

Although Cigna's arguments regarding the risk of juror confusion rely on its contention that there is no overlap of issues, it bears emphasizing that complex litigation always carries some risk of confusing the jury. It is the court's responsibility to charge the jury and limit juror confusion.[5] Cooperation and professionalism on counsels' part as required by the Local Rules and the attorneys' oath would also assist the court in avoiding confusion.

Lastly, Cigna argues that separating the trials would reduce the overall time spent in trial. See id. at 11–13. As an initial matter, given the court's determination that there are overlapping issues, judicial economy favors a joint trial. However, even if there was little to no overlap, the court has no confidence in Cigna's estimate that a consolidated trial will require far more time than separate trials. This assertion is seemingly based on Cigna's consent to waive its right to a jury trial if the cases were separated.[6] See, e.g., id. at 2 (". . . if separate trials are conducted, Cigna would agree to waive its right to a jury trial and proceed with a bench trial on its claims.").[7] However, Cigna has not advanced any arguments from which the court can conclude that a jury trial waiver is possible here. Because Cigna demanded a jury trial on all but its now-dismissed ERISA claim, see Am. Compl. (Doc. No. 87) ¶¶ 158–59, Cigna cannot

---

[5] Counsel emphasizes that the court had previously made a casual offhand remark about joint trials being challenging because each party is simultaneously a plaintiff and a defendant. See Sep. Trials Mem. at 9-10. At trial, the court intends to refer to the parties as Cigna and the Labs without reference to their status as plaintiff or defendant and will clearly differentiate each side's respective burdens regarding each claim.

[6] Although bench trials are easier to schedule, it is not the undersigned's experience that bench trials are necessarily shorter than jury trials.

[7] See also Sep. Trial Mem. at 12 (". . . if Cigna's Case is tried to a jury as opposed to a bench trial, the length of trial will necessarily be longer for logistical reasons alone. Allowing Cigna's Case to be resolved in a bench trial cuts the time that jurors would be needed in half . . . ."); see also id. at 10 ("For a jury, keeping all of this straight would be an immense challenge, particularly where they may not be the ultimate finder of fact on Cigna's equitable claims.").

unilaterally withdraw its demand unless: (1) the Labs consent and stipulate to such a withdrawal, or (2) there is no federal right to a jury on the issues in Cigna's case.[8] See Fed. Civ. R. 38(d), 39(a). If a right to a jury trial exists on some but not all the issues, then a unilateral withdrawal would only be effective as to the issues for which no such right exists. See Fed. R. Civ. P. 39(a)(2).

Because the Seventh Amendment provides that the right to a jury trial is preserved in "suits at common law", see U.S. Const. amend. VII, Cigna's requested withdrawal is presumably based on its assumption that the issues remaining in its case are "equitable". See, e.g., Mem. at 13 ("Because the equitable issues in Cigna's Case are irrelevant to the Labs' Case . . ."). The Labs also presume that Cigna does not have a right to a jury trial on the "ultimate issue of Cigna's requested equitable relief", basing their denial of consent to waiver on the ground that "such a right extends to the underlying facts." See Opp. at 12 n.4. Neither Cigna nor the Labs expand on the basis for their assumption that Cigna's case is "equitable" in the sense that matters for determining whether a federal right to a jury trial exists. Nor is it so obviously apparent that the remaining claims are "equitable" such that the parties need not explicitly set forth their reasoning.

To be fair, throughout this litigation, Cigna's claims have been referred to as equitable claims. See, e.g., Conn. Gen. Life. Ins. Co. v. BioHealth Labs, Inc., 988 F.3d 127, 133–34 (2d Cir. 2021) (characterizing Cigna's federal claims under the Declaratory

---

[8] A federal right to a jury trial is established by the Seventh Amendment, which provides in full:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

Judgment Act and the ERISA as equitable claims). However, this characterization alone is not dispositive of whether the right to a jury trial exists on Cigna's remaining claims. "[T]he phrase '[s]uits at common law' refers to suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." Gunn v. Penske Auto. Grp., Inc., No. 3:17-CV-00757 (AWT), 2020 WL 5362118, at *1 (D. Conn. Sept. 8, 2020) (quoting Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990)).

> The right to a jury trial in [ ] a case depends upon the nature of the underlying claim. In deciding whether there is a right to a jury in any case, a court examines first whether the [underlying] action would have been deemed legal or equitable in 18th century England and, second, whether the remedy sought is legal or equitable. It then balances the two, giving greater weight to the latter.

Chevron Corp. v. Donziger, 800 F. Supp. 2d 484, 495 (S.D.N.Y. 2011) (internal quotation marks and citations omitted) (alteration in original); see also Terry, 494 U.S. at 565 (citing Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989)); Pereira v. Farace, 413 F.3d 330, 337 (2d Cir. 2005); Am. Safety Equipment Corp. v. J.P. Maguire & Co., 391 F.2d 821, 824 (2d Cir. 1968).

Following the Ruling on the Labs' Motion for Summary Judgment, Cigna's remaining causes of action are its unjust enrichment claims and its claims for declaratory relief under the Declaratory Judgment Act ("DJA"). See MSJs Ruling at 82. "[T]he 'equitable' nature of an unjust enrichment claim denotes only 'that quality which makes an enrichment unjust, and [is] not . . . a reference to the equity side of the court.'" Duty Free World, Inc. v. Miami Perfume Junction, Inc., 253 So. 3d 689, 697 (Fla. Dist. Ct. App. 2018) (quoting Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So.

13

2d 383, 390 (Fla. Dist. Ct. App. 1997), <u>as modified on clarification</u> (June 4, 1997)).  In the same vein, "[t]he Declaratory Judgment Act . . . is simply a procedural mechanism that provides a basis for seeking relief.  A declaratory judgment action is neither inherently equitable nor inherently legal . . . ." <u>Chevron Corp.</u>, 800 F. Supp. 2d at 494–95 (internal quotation marks and citations omitted).

For the purpose of concluding that judicial economy lies in a consolidated trial, it suffices to say that Cigna has not established that waiver of the jury trial right is possible here such that it would impact the length of the trial.  Nonetheless, in the interest of efficiency and the sake of clarity as the litigation nears trial, the court will determine whether a federal right to a jury trial exists in Cigna's suit.  <u>See</u> Fed. R. Civ. P. 39(a) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion <u>or on its own</u>, finds that on some or all of those issues there is no federal right to a jury trial." (emphasis added)).

        1.      Trial by Jury or by the Court

As noted <u>supra</u>, at 13, to determine whether there is a right to a jury trial, the court must: (1) determine: (a) whether the action would have been deemed equitable or legal prior to the merger of the courts of law and equity, and (b) whether the remedy sought is legal or equitable in nature; and (2) balance the nature of the action and the nature of the remedies while according greater weight to the latter determination. <u>Chevron Corp.</u>, 800 F. Supp. 2d 495.

           a.      <u>Unjust Enrichment</u>

               i.      <u>Nature of the Action</u>

To prevail against the Labs, Cigna must prove that (1) it paid each of the Labs; (2) the Labs voluntarily accepted and retained the payments; and (3) the circumstances

14

are such that it would be unjust for the Labs to retain those payments. See Doral Collision Ctr., Inc. v. Daimler Tr., 341 So. 3d 424, 429 (Fla. Dist. Ct. App. 2022). Cigna seeks to prove the third element by showing that Cigna would not have approved and paid for the Labs' reimbursement claims but for the Labs' misrepresentations. See Am. Compl ¶¶ 133–35. Specifically, Cigna alleges that: (1) the Labs made false and misleading representations regarding the services it rendered to Cigna's insureds; (2) knowingly submitted fraudulent claims for reimbursement to Cigna; (3) Cigna does not provide coverage for the types of services at issue and does not reimburse improper charges/claims as evidenced by its insurance policies; and (4) Cigna detrimentally relied on the Labs' representations. See id.

Under Florida law,[9] "[a] claim for unjust enrichment is often referred to as a quasi-contract, or a contract implied in law", Doral Collision Ctr., 341 So. 3d at 429 (citing Com. P'ship, 695 So. 2d at 386); and "all implied contract actions were part of the action of assumpsit, which was an action at law under the common law", Com. P'ship, 695 So. 2d at 390. As such, Cigna's unjust enrichment claims are legal in nature.

### ii. Nature of the Remedy

"[T]he use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as opposed to a legal, remedy." Doral Collision Ctr., 341 So. 3d at 429 (quoting Duty Free World, 253 So. 3d at 694). Cigna seeks restitution for the payments the Labs allegedly improperly received. See Am. Compl. at 26–27. Restitution is neither inherently legal nor equitable. Great-West Life & Annuity Ins. Co.

---

[9] Florida law governs the substantive merits of Cigna's action against the Labs. See MSJs Ruling at 30–33.

v. Knudson, 534 U.S. 204, 209 (2002). "'[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case,' and whether it is legal or equitable depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." Id. at 213 (quoting Reich v. Cont'l Cas. Co., 33 F.3d 754, 756 (7th Cir. 1994)); see also Duty Free World, 253 So. 3d at 696.

As the court discussed at length in the Ruling on the Labs' Motion for Summary Judgment on Cigna's equitable ERISA claim, restitution in equity exists only if the res sought remains in the defendant's possession or is traceable. See MSJs Ruling at 37–42. Faced with no evidence that the Labs remained in possession of the payments or that the money could be traced, the court concluded that Cigna could not recover under ERISA's equitable provision, section 502(a)(3). See id. If Cigna succeeds in proving the elements of unjust enrichment, any restitution ordered would effectively impose personal liability on the Labs for the amount Cigna paid to the Labs in light of Cigna's concession that it does not have evidence of traceable funds after 2015.[10] See Great-West, 534 U.S. at 213–14 (holding that, where the property or proceeds "have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor" (internal quotation marks and citation omitted)); see, e.g., Duty Free World, 253 So. 3d at 697–98 (holding that the unjust enrichment claim for restitution was not equitable because the plaintiffs failed to allege that the defendants held the "particular funds paid").

---

[10] "Cigna conceded at oral argument" on the Motions for Summary Judgment that "it does not have evidence of traceable res after 2015." See MSJs Ruling at 42.

16

Thus, as set forth in its Ruling granting the Labs' Motion for Summary Judgment as to Cigna's equitable claim under ERISA, see MSJs Ruling at 37–42, the court concludes that the restitution Cigna seeks is a legal remedy.

Given the legal nature of Cigna's unjust enrichment claims and the corresponding remedy sought (and according more weight to the latter), the court concludes that a federal right to a jury trial exists with respect to Cigna's claims of unjust enrichment against the Labs

b. Declaratory Relief

Pursuant to the Declaratory Judgment Act, Cigna seeks: (1) a declaration that the Labs are not entitled to any payment because the services they rendered are not covered by the applicable Cigna policies, and (2) a declaration that the Labs must return payments related to services that were not rendered. See Am. Compl. ¶¶ 156–57.  In essence, the declaration seeks restitution.  In support of its claims for declaratory relief, Cigna alleges—as it does under the unjust enrichment claims—that the Labs made fraudulent misrepresentations in their billing to Cigna and that the true nature of the services rendered by the Labs are excluded by the Cigna policies.  See id. ¶¶ 153–54. Cigna's DJA claims are thus comprised of substantively similar, if not identical, theories of liability and requested relief as its unjust enrichment claims.  Cf. BioHealth Labs, 988 F.3d at 133 (noting that the federal claims for declaratory relief are most analogous to an unjust enrichment claim).  Therefore, for the same reason Cigna cannot unilaterally waive its right to a jury trial on its unjust enrichment claim, it also cannot waive such right with respect to its DJA claims.  See, e.g., Chevron Corp., 800 F. Supp. 2d at 495 ("So, for example, there would be a right to a jury in a suit by the maker of a promissory

note for a declaration that the note had been paid because there would be such a right in an action for damages on the note." (internal quotation marks and citations omitted)).

The foregoing review raises concerns that the claims for declaratory judgment are wholly duplicative of the unjust enrichment claims.[11] As such, the court orders Cigna to show cause within 14 days of the date of the instant Ruling why its claims for declaratory relief are not duplicative of its unjust enrichment claims. See FPP, LLC, 764 F. App'x at 93. Further, assuming Cigna can successfully establish that its two causes of action are not duplicative, in light of the fact that the "decision to award relief under the DJA lies within the discretion of the court", Cigna is ordered to address "'(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'" See EFG Bank AG, Cayman Branch v. AXA Equitable Life Ins. Co., 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018) (quoting Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005)).

## V. CONCLUSION

For the reasons stated above, the court denies Cigna's Motion for Separate Trials (Doc. No. 296) and Motion in Limine to Exclude Evidence and Arguments Regarding the Propriety of Any Claim Denials (Doc. No. 312).

Further, Cigna is ordered to show cause within 14 days of the date of this Ruling why the court should not dismiss its claims for declaratory relief as duplicative as well as

---

[11] The precise contours of the DJA claims have flown under the radar throughout the entirety of this litigation. While the Labs moved for summary judgment on all of Cigna's counts, it primarily did so on the ground that Cigna could not prove its three theories of recovery, i.e., medical necessity, fee-forgiving, and improper billing. See MSJs Ruling at 42–50. The Labs did not make arguments specific to the DJA claims. As such, this court has not had the opportunity to address possible redundancy until now.

why declaratory judgments are appropriate relief in Cigna's case against the Labs. The Labs are ordered to show cause within 14 days of the date of this Ruling why the court should not dismiss as duplicative either their third-party beneficiary claims or their statutory claims. The Labs must address whether a private right of action exists under section 627.638 of the Florida Statutes. Each side may respond within 14 days of the date of the opposing side's filing. Replies are not permitted.

The parties are reminded that their Joint Trial Memorandum is due within 14 days of the date of this Ruling. See Order on Joint Motion for Extension of Time (Doc. No. 318).

**SO ORDERED.**

Dated at New Haven, Connecticut this 12th day of August 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge