UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CIGNA HEALTH AND<br>LIFE INSURANCE COMPANY<br>    Plaintiff, | :<br>:<br>: | CIVIL CASE NO.<br>3:19-CV-01324 (JCH) |
| v. | :<br>: | |
| BIOHEALTH LABORATORIES, INC.,<br>PB LABORATORIES, LLC, and<br>EPIC REFERENCE LABS, INC.,<br>    Defendants. | :<br>:<br>:<br>: | AUGUST 13, 2025 |

**RULING ON CIGNA'S MOTION FOR ENTRY OF JUDGMENT (DOC. NO. 542)**

## I.   INTRODUCTION

Before the court is the Motion for Entry of Judgment filed by Cigna. ("Mot. for Judgment") (Doc. No. 542), filed June 10, 2025.  Cigna seeks an entry of judgment in the total amount of $7,256,100.60,[1] to be awarded to Cigna consistent with the jury's verdict dated November 4, 2024.  Cigna also requests that this court dissolve the automatic 30-day stay of execution of the judgment to allow Cigna to begin enforcement proceedings immediately.

The Labs oppose the Motion.  Labs' Response in Opposition to Cigna's Motion for Entry of Judgment ("Labs' Response") (Doc. No. 544).  See also Cigna's Reply in Support of its Motion for Entry of Judgment ("Cigna's Reply") (Doc. No. 545).  For the reasons stated herein, the court grants Cigna's request for entry of judgment but declines to dissolve the automatic 30-day stay of execution pursuant to Fed. R. Civ. P. 62(a).

---

[1] The Judgment would effectuate the Jury's Verdict of the award against Epic Reference Labs, Inc. in the amount of $2,418,700.20., BioHealth Medical Laboratory, Inc. in the amount of $2,418,700.20., and PB Laboratories, LLC in the amount of $2,418,700.20.

1

## II. BACKGROUND

As with the Motion for Clarification, the court assumes familiarity with the procedural history of the case and offers only limited background relevant to the present Motion. Before trial, the Labs raised two defenses to Cigna's unjust enrichment claim on which this court reserved ruling until after trial: laches and ERISA preemption. On November 4, 2024, the jury returned a verdict in Cigna's favor on its unjust enrichment claim against the Labs, awarding Cigna approximately $7.3 million in damages.

After trial, the Labs filed a Rule 50(b) motion for judgment as a matter of law, renewing their arguments as to Cigna's standing to pursue its unjust enrichment claim. This court directed the Labs to file additional briefing on their laches defense and briefing on the Labs' ERISA preemption defense. The Labs did not file any post-trial briefing related to their laches defense.

On May 20, 2025, the court entered a ruling resolving the Labs' laches and ERISA preemption defense, holding, inter alia, that (i) the Labs abandoned their laches defense and (ii) ERISA did not preempt Cigna's unjust enrichment claim. The court held that Cigna had standing to pursue its claim. In addition to the instant Motion for Entry of Judgment, two post-trial Motions had remained pending, Cigna's Motion for Clarification (Doc. No. 541) and the Labs' Motion to Compel (Doc. No. 541). The court earlier today resolved the Motion for Clarification (Doc. No. 547).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 58 provides courts to promptly approve the form of a judgment which the clerk must "promptly" enter. Fed. R. Civ. P. 58(b)(2). See also Orr v. Plumb, 884 F.3d 923, 927 (9th Cir. 2018) (Rule 58 "requires prompt entry.") The

pendency of post-trial motions does not per se prevent entry of judgment.  See, e.g., Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 585 F.2d 821, 846 (7th Cir. 1978); Louisiana & Arkansas Ry. Co. v. Pratt, 142 F.2d 847, 848-49 (5th Cir. 1944).  While Rule 58 gives trial courts discretion as to when a jury verdict should be entered, the "[g]eneral principles of equity dictate a court's exercise of this discretion must be balanced with fairness to the parties."  Kiphart v. Saturn Corp., 251 F.3d 573, 587 (6th Cir. 2001).

Federal Rule of Civil Procedure 62 provides that, "except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  However, it is within the court's authority to dissolve the automatic stay or supersede it by court order.  Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 385 (S.D.N.Y. 2020), adhered to in part on reconsideration, No. 18-CV-1774 (LJL), 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020).  "One reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated."  Fed. R. Civ. P. 62 Advisory Committee's Note (2018).

### IV.     DISCUSSION

#### A. Entry of Judgment

Cigna argues that it is entitled to entry of judgment pursuant to Federal Rule of Civil Procedure 58(b).  Cigna notes that the jury returned its verdict for Cigna on November 4, 2024.  In the interim between the jury verdict and the instant Ruling, the court heard the Labs' Oral Motion for a Directed Verdict (Doc. No. 472), the Labs' Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b), and the Labs'

3

Affirmative Defenses.[2]  On May 20, 2025, the court issued its Ruling denying the Labs' Renewed Motion for Judgment as a Matter of Law and held that the Labs abandoned their previously asserted defense of laches and found that the Labs' defense of ERISA preemption did not bar Cigna's claim.

The only Motion that remains is the Labs' Motion to Compel / for Sanctions.  The court recognizes the Labs' serious concerns regarding the assertion of privilege and the implications thereof on the trial.  However, entry of judgment at this juncture does not constrain this court's authority to fashion appropriate relief in response to the Motion to Compel / for Sanctions, including ordering a new trial under Rule 60 if appropriate.  For that reason, the court orders entry of judgment.

### B. Automatic Stay of Execution

While the court orders entry of judgment, the court declines to dissolve the automatic 30-day stay of execution of that judgment.  Much ink is spilled as to the financial health of the Labs and Rennova, the entity purported to hold the Labs' assets and liabilities.  See Cigna's Mot. for Judgment 6-10.  However, Cigna has not alleged, and indeed does not show, that the Labs or Rennova are at risk of concealing their assets or otherwise dissipating them.  See Loans on Fine Art LLC v. Peck, No. 23 CIV. 04143 (JHR) (JW), 2024 WL 4839177, at *1 (S.D.N.Y. Nov. 20, 2024) (finding dissolution of the Rule 62(a) stay warranted to prevent judgment debtor from dissipating assets where, unlike here, judgment debtor "transferred valuable real property. . . for no consideration" during the pendency of the action).  That the Labs and their parent company are in poor financial health says nothing of the sort of surreptitious conduct

---

[2] Oral argument was held on May 15, 2025.

4

that ordinarily justifies courts allowing for immediate execution of a judgment.  For that reason, the court declines to dissolve the automatic 30-day stay.

## V.     CONCLUSION

For the reasons stated above, Cigna's Motion for Entry of Judgment is GRANTED in part and DENIED in part.  The court will now consider the Labs' Motion to Compel Production of Excluded Documents for In Camera Review, and thereafter, to Award Sanctions (Doc. No. 510) as a Rule 60(b) Motion for Relief from a Judgment.  See Ruling on Motion for Clarification (Doc. No. 547).

**SO ORDERED.**

Dated at New Haven, Connecticut on this 13th day of August 2025.

/s/ Janet C. Hall  
Janet C. Hall  
United States District Judge