```
 1                    UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3  _____
    CONNECTICUT GENERAL )
 4  LIFE INSURANCE CO.  )
    AND CIGNA HEALTH    )
 5  AND LIFE INSURANCE  )
    CO.                 )
 6          Plaintiffs )    NO: 3:19cv1324(JCH)
                        )    NO: 3:19CV1326(JCH)
 7   vs.                )    April 5, 2024
                        )    10:00 a.m.
 8                      )
    BIOHEALTH MEDICAL   )
 9  LABORATORIES INC,   )
    PB LABORATORIES, LLC)
10  and EPIC REFERENCE  )
    LABS, INC.          )
11          Defendants. )
    _____)    141 Church Street
12                           New Haven, Connecticut

13

14            MOTION HEARING VIA ZOOM

15

16

17  B E F O R E:

18            THE HONORABLE JANET C. HALL, U.S.D.J.

19  A P P E A R A N C E S:

20  For CIGNA:          Edward T. Kang
                        Alston & Bird LLP
21                      950 F Street, NW,
                        Washington, DC 2004-1404
22
                        Michelle Nicole Jackson
23                      Alston & Bird LLP
                        1201 West Peachtree Street
24                      Atlanta, GA 30309

25               -- continued --
```

```
 1                          Kelsey Kingsbery
                            Alston & Bird LLP
 2                          555 Fayetteville Street
                            Ste 600
 3                          Raleigh, NC 27601

 4

 5    For BioHealth Labs:   Anthony Thomas Gestrich
                            Kenneth Lund
 6                          Raines Feldman Littrell
                            11 Stanwix Street
 7                          Suite 1400
                            Pittsburgh, PA 15222
 8
                            John J. Radshaw, III
 9                          John J. Radshaw, III, Esquire
                            65 Trumbull Street, 2d Fl.
10                          New Haven, CT  06510  2:00 p.m.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          THE COURT:  Can everyone hear me?

2          MR. GESTRICH:  Yes, Your Honor.

3          THE COURT:  Thank you.  We're here this

4     afternoon in the matter known as Cigna versus BioHealth

5     Labs, et al, 3:19CV1324.  If I can have appearances

6     please, starting with Cigna please.

7          MS. KINGSBERY:  Good afternoon, Your Honor.

8     Kelsey Kingsbery, Alston & Bird on behalf of Cigna.

9          MR. KANG:  Edward Kang with Alston & Bird also

10    on behalf of Cigna.

11         MS. JACKSON:  Michelle Jackson with Alston &

12    Bird.

13         THE COURT:  Good afternoon to all of you.

14         MR. RADSHAW:  John Radshaw for the Labs.

15         THE COURT:  Yes, sir.

16         MR. GESTRICH:  Good afternoon, Your Honor.

17    Anthony Gestrich for the Labs.  I'm joined by my

18    colleague Ken Lund who is participating in listen-only

19    mode.

20         THE COURT:  Thank you very much.  Good afternoon

21    to all of you.

22         I had scheduled this Zoom proceeding in

23    connection with the motion filed by I will call you the

24    Labs.  It's Docket Number 278 titled Motion for

25    Reconsideration Of Ruling On Motion to Dismiss, Docket

1    83, In Light Of Ruling On Motions For Summary Judgment

2    And Ruling On Motions For Summary Judgment 271, 271.  I

3    have read the papers.  I realize that Cigna has chosen I

4    believe because I didn't see an opposition, to rely on

5    the Local Rule which basically says you don't have to

6    file an opposition unless the Court invites it or wants

7    it or says do it and so I do not have an opposition.  I'm

8    just saying so you know what I'm aware of.

9         I have read, of course, the motion and the memo

10   that I've just described.  I have gone back to Judge

11   Underhill's decision.  I have gone back to my summary

12   judgment decision.  I have looked at the briefs filed in

13   connection with my summary judgment motion and I think I

14   may have looked at briefs filed in front of Judge

15   Underhill.  I think that's right.  But that was very

16   brief so I could be mistaken.  I'm aware of what was in

17   or wasn't in those briefs I think.

18        So having said all of that, I guess I would

19   first allow The Labs a brief opportunity to add to their

20   argument if they wish to or if they wish to rest on your

21   motion, that's fine.  You need to just let me know.  I

22   will then turn to Cigna's counsel and ask if they wish to

23   be heard I guess and if they do, I will listen to that

24   and I guess I don't know if there will be a reply because

25   I don't know if there will be a Cigna argument.  I will

1    then, after considering everything, decide whether to

2    rule today.  So I guess I would ask first who is going to

3    address this on behalf of The Labs?

4          MR. GESTRICH:  This is Anthony Gestrich.  I will

5    address this on behalf of The Labs today.

6          THE COURT:  All right, sir.  Go ahead.

7          MR. GESTRICH:  Good afternoon.  The Labs are

8    seeking a reinstatement of two categories of claims.

9    These are all directed at the prompt pay statute.

10   Reinstatement of the claims relating to ERISA policies

11   that were connected to or I should say that deal with

12   ERISA policies and also those that deal with certain CPT

13   codes identified in the motion.

14          The reason for this is two part.  First, the

15   uncontestable obligation is imposed under the statute as

16   an operation of insurance companies operating in Florida.

17   This deals with an obligation that's imposed by insurance

18   companies not responding to claims or not responding

19   timely to claims in either denying or paying those

20   claims.

21          For that reason, it is separate and apart from

22   the term of the plan and it does not interfere with core

23   entities that are associated with the plans.  We take the

24   position that ERISA is separate and apart and this would

25   not fall under assuming this court's confirmed that a

1    statutory private right of action exists.

2           Because that is an uncontestable obligation,

3    that also forecloses Cigna's ability to contest or stand

4    on the correctness of the claims because the obligation

5    is not directed at the propriety of a denial or

6    subsequent denial.  It is directed at whether or not

7    Cigna responded or not and if it did not, it imposes

8    liability.

9           Those are the reasons that we ask the Court to

10   reinstate those claims and allow the trial to proceed to

11   include those claims.

12          THE COURT:  All right, sir.  Does anyone want to

13   speak who would speak on behalf of Cigna wish to respond

14   or make any argument?

15          MS. KINGSBERY:  Yes, Your Honor.  Kelsey

16   Kingsbery on behalf of Cigna.  I will be really brief.  I

17   just would like to point out that the Labs are seeking

18   reconsideration of not your ruling but the Motion to

19   Dismiss ruling which is two and a half years ago.  The

20   first thing we want to point out that the deadline to

21   seek reconsideration of that expired two and a half years

22   ago.

23          Then we also want to point out that the basis,

24   if I'm understanding that the Labs are seeking

25   reconsideration, that there's a private right of action

1    under the statute somehow precludes a finding of ERISA

2    preemption was never raised by The labs either in the

3    motion to dismiss briefing or in the briefing on summary

4    judgment, so it's not proper for reconsideration and then

5    lastly, on the merits of their argument, there is nothing

6    inconsistent between finding a private right of action

7    under the prompt pay statute and a ruling that the

8    statute is preempted.

9         You can have a private right of action to pursue

10   relief for individual claims that are not governed by

11   ERISA and then with respect to the CPT code argument,

12   again that wasn't briefed in the summary judgment

13   briefing.  The entirety of the Labs' argument with

14   respect to the CPT codes related to whether there's a

15   disputed issue of fact.

16        For all of those reasons, we don't believe that

17   the arguments are properly raised for reconsideration and

18   also lack merit.

19        THE COURT:  All right.  Thank you very much,

20   Attorney Kingsbery.  I guess I will look forward,

21   Attorney Gestrich, if you want to make a brief response

22   to what was a brief argument.

23        MR. GESTRICH:  Yes, Your Honor.  I would like to

24   just address two issues.  On the summary judgment

25   argument, this was not briefed in summary judgment

1    because it was not at issue in summary judgment.

2         Following the Court's analysis of the private

3    right of action, it confirms that this truly is

4    independent of the plans themselves and is not a plan

5    issue.

6         On the CPT, Cigna had argued a different

7    argument than what appears to be in summary judgment.

8    They argued that their denials were correct.  They did

9    not argue that CPT codes precluded ability to obtain --

10   obtain payment under the independent obligation because

11   those were two separate issues.

12        THE COURT:  All right.  If you give me just one

13   moment please.  I keep wanting to use a touch screen and

14   I'm not on a touch screen.

15        (Discussion Off the Record.)

16        THE COURT:  I'm sorry to keep you folks waiting.

17   It's just you have raised two different arguments.  I

18   have another point I wanted to make.  I wanted to collect

19   my thoughts.  I am prepared to rule and I guess I would

20   start first with something that struck me when the motion

21   came in.

22        If I recall correctly and I believe it is in the

23   memo, it is not literally in the motion, but you make a

24   point of noting you make the motion in order to serve the

25   purposes of judicial economy and, of course, that's right

1    there in Rule One and I'm supposed to be sure to do that.

2    I know that we often as district court judges in federal

3    court fail to do that.  We make you guys and ladies do a

4    lot of work.  So that struck me right away when I first

5    read it.  But as I thought about it, I don't know.  This

6    is in some ways a rhetorical question, Attorney Gestrich.

7    But I sort of took the logic of that point and this is

8    where it took me.  In effect, you are saying Judge, you

9    should stop and fix your mistake because as things stand

10   now we are going to go to trial on a big trial, lot of

11   claims, lot of effort, lot of effort by the lawyers, the

12   jury, the Court, and what will happen is when it is all

13   over, we are left with this very large appellate issue

14   which we will pursue.  That's right.  You have a right to

15   do that.  I'm not objecting to you doing that.  I'm

16   saying I believe you when you say that the basis for

17   this point is about judicial economy and you will go to

18   the circuit.  Of course, as every lawyer is confident in

19   their position, you believe that you will get effectively

20   Judge Underhill, but now I have been brought into it, so

21   it will be me as well reversed.  That's fine.  That's

22   what the circuit is there for.  I have no problem with

23   review.

24          But your point was but then, Judge, we'll have

25   to go through this all over again and that is a waste of

1    judicial resources.  Very compelling argument.  But it

2    struck me.  If it is sound argument, that means that a

3    Court should never take up summary judgments which might

4    result in partial grants and not complete grants or

5    complete denials and should not be allowed, in effect, to

6    enter a partial ruling because we would it seems to me

7    almost always be placed in this terrible situation of a

8    waste of judicial resources by a partial trial, followed

9    by a likely reversal at least in the lawyer's view,

10   followed by yet another inefficient trial.

11           So then I ask myself two things.  Why did the

12   Labs make their motion because their motion could and I

13   think it did, Attorney Kang, result in effect a split

14   decision.  I think I ruled in Cigna's favor on some

15   issues and against them on others of their positions,

16   their claims, so I wondered gee, was it appropriate for

17   the Labs to make their motion.  I thought why didn't the

18   Labs join in the motion to reconsider the partial ruling

19   for Cigna on that part of my ruling.

20           And then I thought is it really a violation of

21   Rule 11 to make a motion for summary judgment which

22   might, in fact, result in a partial ruling in favor of

23   one side and against that same side on some other issues.

24   Again it is a rhetorical question, but that's where the

25   logic of what you argue is.  Unfortunately, we are in a

1   situation where I could be wrong.  I acknowledge that

2   completely, Mr. Gestrich, or Judge Underhill could be

3   wrong and I'm wrong in not catching it that you asked me

4   to at this point and fixing it so we don't waste the

5   trial or have to go through it a second time.

6         But as I'm about to put on the record, I don't

7   agree with you.  And I don't believe it is wrong for a

8   district court judge to make a ruling on summary judgment

9   that, in effect, preserves some claims or part of claims

10  and enters judgment or sets it up to have judgment

11  entered as to other claims.  I believe Rule 56

12  contemplated it, approves it, certainly the circuit

13  decisions have approved partial grants and partial

14  denials of summary judgments over the years, probably

15  could find thousands; if not, hundreds of thousands.

16        This judicial economy if that's what left.

17  Violation of the principle of judicial economy is

18  frustrated by my ruling, it seems to me it is a function

19  of the fact that our judicial system is at least for the

20  moment, not run by robots but by human beings and we can

21  only all do the best we can.  I assume you as lawyers

22  strive to do it.  I strive to do it as a judge.

23        I can tell you I spent I was going to say weeks,

24  certainly was weeks, certainly was days going over

25  everything that you submitted to me.  Did I make any

1  mistakes?  I could very well have.  It is a limitation of

2  being a human being and differences of opinion and how

3  the law can be read.

4       But having now looked at this issue because of

5  your motion, I would respectfully disagree with you that

6  any mistake was made here by Judge Underhill or by me.

7  So let me put my ruling on the record.

8       I will take first your argument what I will call

9  the ERISA argument that I should reinstate statutory

10  claims under federal law for services rendered to

11  insureds of ERISA plans which Judge Underhill clearly

12  dismissed in his motion to dismiss which was decided two

13  and a half or so years ago.  I believe I understand the

14  Labs' argument that the existence of a private right of

15  action under the Florida statutes at issue signifies

16  Cigna's liability is not dependent on the terms of the

17  policy and therefore, the statutes are not preempted.

18       I find that an interesting argument because I

19  think that would be true of every statute passed by a

20  state that addressed in any way people's pension

21  rights and yet we have a lot of law including supreme

22  court decisions that talk about preemption of those

23  claims. So I'm not sure where that argument, the basis

24  for it.

25       But as I understand it, the statute we're

1    talking about on the particular portion we're addressing,

2    I think it is 627.6131(4)(e) but if I'm wrong about it, I

3    know the statute I'm talking of.  It provides the claims,

4    in effect, have to be acted upon either paid or denied

5    in 90 days and failure to do so within a grace period to

6    120 creates an uncontestable obligation to pay.

7           In my view, Judge Underhill correctly noted

8    under the ERISA case law and in particular, I had looked

9    at -- this is where I'm going to get disorganized.

10   *Rutledge.*  I think that's Justice Sotomayor, where she

11   lays out preliminarily the two types of preemption.

12          Now, I understand, Attorney Gestrich, that you

13   take the position that his decision was unfair in some

14   respects because the only thing argued by the parties

15   maybe had to do with the first prong and he, on his own,

16   I think you said sua sponte relied on what I will call

17   the second basis under *Rutledge* and the prior case law

18   and the second basis is the one I always describe, maybe

19   incorrectly, is inextricably intertwined or interfering

20   with pension administration benefits.

21          All right.  So I think the Court, Justice

22   Sotomayor, said this Court asks whether a state law,

23   quote, governs the central matter of pension

24   administration or interferes with nationally uniform plan

25   administration, end quote.  That is the basis I believe

1    on which Judge Underhill decided the motion to dismiss on

2    this issue that you now ask me to reconsider.

3        I understand you were upset that he addressed

4    that grounds and not maybe because that wasn't briefed

5    and I guess my response to that is that's what a motion

6    to reconsider is.  That would have been an ideal one.

7    Judge, you reached the wrong result.  You did it without

8    giving us the opportunity to brief it and please

9    reconsider this now with us briefing the issue.  Okay.

10    That's a good motion to reconsider I think.  But that's

11    not what happened.  You now want me to reconsider his

12    ruling two and a half years later.  I will just note that

13    that's untimely by more than a long shot and even if

14    I went to some of the other rules that allow

15    adjustments about what time do you have to address an

16    issue in those, you wouldn't meet those standards either.

17    So in my opinion under Local Rules, you can't reconsider

18    Judge Underhill's opinion.

19        But even if I reconsidered it and I say this

20    because I spent the time to look at his opinion.  I have

21    tremendous regard and respect for my colleague Judge

22    Underhill.  I think he's a fine judge.  Like me and every

23    other judge, we make mistakes.  I thought well, I don't

24    want to go through this in a whole long trial and do it

25    on the basis of some ruling that I could fix.  So even

1    though Attorney Kingsbery is right.  You are way out of

2    time.  My instinct is we ought to get this right.

3         First of all, when I looked at his ruling, while

4    he didn't, as maybe the Labs suggest that he didn't

5    provide an analysis of the federal statute, I don't know

6    that I agree with that.  I think at 13 and 14 of his

7    ruling I don't think he has to write a chapter and verse

8    on this.  You can tell he thought about it, conscious of

9    it and aware of it in making his decision and then I have

10   already addressed the thing of sua sponte doing it and

11   that's why I'm reconsidering it.

12        At the end of the day, in my opinion, if I were

13   deciding this issue today in light of what I've seen in

14   *Rutledge*, in light of what I understand this preemption,

15   in effect, preemption has occupied the field as to a

16   certain part of pension law, I believe even if a state

17   gives a private right of action, it doesn't mean it can't

18   be preempted and I think indeed given the subject matter

19   of the statute and given the desire to have a uniform

20   plan of administration and to me that grant or denial of

21   benefits is at the core plan administration.  I don't

22   have a case to cite to you.  I've read enough in the

23   past.  I believe I'm correct that Judge Underhill reached

24   a sound result.

25        Now, then but to be honest with you when I first

1  got it, I thought you wanted me to reconsider my ruling.

2  Your motion actually very clearly is titled reconsidering

3  his ruling, but it struck me, as I thought about this

4  motion, that as to this first issue, it's clearly law of

5  the case, right, we all know as lawyers and judges what

6  does that mean?  It means a court can change it in the

7  course of a case.  I could have revisited the issue.

8  Nobody asked me to, nobody put it in the summary

9  judgment, nobody made this argument, nobody being the

10  Labs.  And so I understand I would have had the authority

11  to change his ruling if I thought it was wrong and I

12  considered all the other standards that apply to changing

13  the law of the case.  I understand that.  So I might have

14  ended up not changing it.  But I would have at least

15  addressed it.  Unless somebody asked me to do that, this

16  is law of the case and everybody has to know that and so

17  I cannot see how I can disturb his ruling.  I say if I

18  were going to do it, I wouldn't do it.  I think he was

19  right.

20          Your second argument, if I understand it

21  correctly, is somewhat tied up with that first argument,

22  but it has other aspects to it, so I am going to address

23  it.  I believe the Labs are asking me to reconsider the

24  summary judgment ruling on the claims that were submitted

25  under barred CPT codes.

1        My ruling on that issue I think is very much to

2    the end of the ruling.  I think it's 78 through 80.  This

3    is with respect to the Labs' statutory claims and I

4    believe I understood the Labs' argument to have two

5    bases.

6        First, that you argue that Cigna did not make

7    this argument that the statutory claims should be

8    dismissed as barred CPT codes.  But I have a different

9    recollection and I might be mistaken, but in the time

10   I've had to try to run this down and have my clerk run

11   them down.  I believe Cigna made an argument with respect

12   to all of the Labs' legal claims both common law and

13   statutory and I believe that I even asked a question at

14   oral argument to confirm that's what Cigna was doing in

15   their motion.  I think it is their motion, right?

16   Because I was concerned -- this is how much I have looked

17   at this motion.  I believe you put an argument, one of

18   the arguments that relates to this -- I'm talking now

19   kind of to the Cigna lawyers -- is in a different part of

20   the arguments in your brief and I just wanted to confirm

21   that this argument applies to all claims and I asked that

22   question and Cigna confirmed yes, Judge.

23       So I basically read their briefs correctly I

24   thought, but I wanted to be sure.  That's the first

25   thing.  I think they did argue it and I had a lengthy

1   oral argument which there would have been opportunity for

2   the Labs to say wait a minute, where did they do that?

3   They didn't do it.  Wait a minute, Judge.  We need to

4   brief this more.  Whatever it was but that didn't happen.

5   And then in the section at issue at 6131 under (4)(e) and

6   (5)(e), I think precludes this CPT argument and I could

7   be misreading the Labs argument, but I will address this

8   in the event this is your argument.

9        As the Court reads it the Labs are essentially

10  arguing the denials are only proper if Cigna denied the

11  Labs billings within the time permitted by the statute.

12  That's the Florida statute at issue.  This is as to again

13  I understand it to the non-ERISA claims.  Right.  All

14  claims.  I'm sorry.  I just finished saying that, didn't

15  I?  So it is not just non-ERISA but it is all.  It is not

16  just ERISA that we're revisiting.

17        If that is the argument, again I'm not certain,

18  if it is, I don't see any reference by the Labs to where

19  in the record I could find any evidence after January

20  2015 which is the date I picked to cut off certain things

21  Cigna could or can't do or the Labs could or couldn't

22  get.  Cigna did not respond within 120 days to the Labs

23  billings under the CPT code at issue such that Cigna has

24  an uncontestable obligation to pay on those claims.  I

25  don't see it in the material issues of fact which we, of

1    course, require under Rule 56, our Local Rule, excuse me,

2    our Local Rule and I don't see any basis in the Labs

3    opposition to what I just described is the argument made

4    by Cigna.  I don't see a basis in the record that they

5    have come forward with evidence that would create a

6    material issue of fact to prevent the grant of the motion

7    as I granted it.

8            I believe what happened in the briefing and in

9    the arguments is that they merely, the Labs contested the

10   evidence Cigna relied on in showing the codes were barred

11   as to particular times or when the bar developed.  You

12   know, there was the 213 and then the next lab, there was

13   another date.  Then it was the policy change effective

14   January 1 of '15 if I'm recalling correctly and that's

15   what the focus was on.  But I don't recall the Labs

16   disputing the timing of the denials at all and that's not

17   my only reason, but for all of those reasons, the

18   Court -- actually, I have to do a two-step ruling.

19           I deny the motion to reconsider as untimely to

20   the first grounds.  That's Judge Underhill's ruling.  It

21   is timely to the extent it challenges part of my ruling,

22   the second ground.  So I reconsider my ruling as to the

23   second ground, but I find that I reach the same result

24   primarily based on lack of material issue of fact on the

25   point that the Labs are now trying to direct my attention

1  to.

2      As to the first issue, the Judge Underhill

3  opinion, while I have denied reconsideration, I have

4  still gone ahead to be certain that I'm not driving this

5  train to a trial that would be from the beginning,

6  problematic.  To be sure that wasn't the case, I have

7  gone and looked at the issue that he decided and I

8  reached the same conclusion and so for all of those

9  reasons, Liana, you should docket this as for the reason

10  stated on the record that the Motion to Reconsider is

11  granted in part and denied in part, but as to both

12  issues, reconsidering the issues, the Court reaches the

13  same result.

14      I'm not looking for comments or responses, but

15  if there's something that needs to be put on the record

16  because of some feeling of unfairness I guess, I would

17  afford counsel the opportunity.  Do the Labs have

18  anything they wish to add?

19      MR. GESTRICH:  No, thank you.  We appreciate the

20  time that you spent on this and with us today.

21      THE COURT:  Okay.  From Cigna?

22      MS. KINGSBERY:  Thank you, Your Honor.  Nothing

23  more from Cigna.

24      THE COURT:  I just would point out under the

25  pretrial order I issued in this case sometime ago, it

1    calls for the submission of a pretrial memo 30 days after

2    my ruling on the summary judgment motion.  I thought

3    about putting something on the docket that the Motion to

4    Reconsider doesn't change that.  I decided no.  I need to

5    be kinder or nicer or gentler or something, so I didn't,

6    but I would inquire when do the parties think they need

7    to file it by and when will it be filed by?  I guess I

8    will start with a Cigna since you are the first named

9    party.  You might think that's unfair.  Go ahead.

10          MS. KINGSBERY:  Thank you, Your Honor.  We can

11   get it done in 30 days from today.

12          THE COURT:  Okay.  And how about for the Labs?

13          MR. GESTRICH:  Your Honor, there's a small

14   logistical issue that we would ask the Court to consider.

15   The reports are underway to be amended.  At least one

16   report is underway to be amended which would impact the

17   calculation of damages.  That is due currently on April

18   26.  If the Court would indulge the parties in a small

19   extension, not long, to allow the parties to finalize

20   those issues.

21          THE COURT:  Give me just a moment.

22          What day of the week is May 5?  Somebody help

23   me.

24          MR. GESTRICH:  That's a Sunday, Your Honor.

25          THE COURT:  Could you tell me the date you

1    expect your amended reports?

2          MR. GESTRICH:  April 26.

3          THE COURT:  How much time are you looking for

4    after that?

5          MR. GESTRICH:  Would the parties be permitted to

6    have 14 days after that to May 10?

7          THE COURT:  In my view, I hear you telling me

8    that would affect your ability to do a pretrial -- the

9    portion of the pretrial on your damages.  Is that a fair

10   statement?

11         MR. GESTRICH:  Yes.

12         THE COURT:  So it would be my view that I should

13   get pretrial compliance on May 6 with the exception and

14   the understanding that you would be permitted to

15   supplement and address those parts of the pretrial which

16   we would have to add to to address damages.  Whether it's

17   -- I suppose you know who the witness is going to be.  If

18   you change witnesses that would be one thing, you would

19   have to change that.  I understand.

20         If you have another report that, of course, is

21   submitted or mentioned or whatever, you have to do that.

22   I understand and I suppose the plaintiff Cigna.  I know

23   you are both plaintiffs.  I have to stop doing that.

24   Cigna I'm not sure what -- have I given you time to do

25   something once they do that report?  I don't think I did,

1   but I don't know.  I think if you want to do a

2   deposition, I think you should been entitled to do that.

3   I think it should happen quickly.  Maybe within 14 to 21

4   days.

5        Then I guess I would look to you folks to file

6   something.  It could be a status report or it could be a

7   supplement to the pretrial.  But you would have to tell

8   me how long you are going to take to do it.  I'm not

9   looking to take a long time.

10       You should first speak with Attorney Gestrich,

11  counsel for the Labs, what you are doing, what you are

12  thinking of proposing, can we agree and all of that.  If

13  you need to supplement your pretrial as to the damages

14  issue for the Labs, then you would have time to do that.

15       We're going to try to move this along.  I'm

16  assuming -- I'm just on my second day of final pretrial

17  conference in a trial I'm about to begin and I assume --

18  I don't know how many motions in limine there were.

19  There were too many.  I assume this case will probably

20  generate, if the history is any forecast, a few issues

21  for me to get this case up and ready for trial.  I don't

22  know when I'm going to take it up.

23       I don't yet have dates for you to tell you

24  trial, but I would like to get a sense of what this case

25  is going to look, what you think it is going to look like

1    before I decide what I think it should look like before I

2    start doing that.

3           For example, I have no idea how long you folks

4    think this trial is going to last.  I don't know if you

5    are in a position to ballpark me a number right now.  If

6    you are not, that's fine.  You need to stake out what

7    your expectation and I suppose hope is going to be, then

8    you need to hear me react to that.

9           So I think I will not say anything more on that.

10    We'll get to it when we get to it.  That's why I want the

11    compliance.  I'm assuming this case is going to trial.

12           I will not raise settlement with you.  It is not

13    my job.  I'm a trial judge.  My job is to be here, to

14    treat you all fairly, to decide the issues that stand

15    between you and getting a jury picked and then to proceed

16    to try the case as fairly and humanly possible.

17           I have I think you will all agree quite a bit of

18    discretion and control over how that proceeds, what it

19    looks like and other related matters.  So obviously, I

20    want to hear what you are proposing, what you are putting

21    in front of me.  I need to address before I get to the

22    trial, what will I face in the trial.  Then the question

23    of when and how long is this going to take.  I need to

24    see everything you have got before I can address that.

25           Five minutes ago I'm thinking they're probably

1    wondering why I didn't get the pretrial memo, I haven't

2    told them when we're going to trial, but I do need it

3    before I can think about the case.  Sorry.  I talk too

4    much.  I suffer from that illness.  I said enough.  I do

5    need the compliance.  Sounds like we're on track.

6           I smiled as to Attorney Radshaw.  He knows that

7    I could have been on the verge of telling him that you

8    had 30 days from my summary judgment ruling because

9    whatever but that's all right.  You will have the 30

10   days from today and you will the additional time on that

11   portion which you will then file and supplement.  All

12   right, Attorney Gestrich, as we discussed those time

13   periods?

14          MR. GESTRICH:  Yes, Your Honor.

15          THE COURT:  Anything else that I need to

16   address?  Nope.  Thank you all very much for being

17   available and patiently listening so I did not have to

18   take the time to write a written ruling which I think

19   would have been much longer than I talked which has been

20   too much.  Thank you all very much.  Take care.

21          (Adjourned:  2:40 p.m.)

22

23

24

25

1

2

3    COURT REPORTER'S TRANSCRIPT CERTIFICATE

4    I hereby certify that the within and foregoing is a true

5    and correct transcript taken from the proceedings in the

6    above-entitled matter.

7

8    /s/  Terri Fidanza

9    Terri Fidanza, RPR

10   Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25